# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

In re:

EVAN PHILLIP JOWERS                     Case No.: 24-13584-MAM

                                        Chapter 11

    Debtor.
_____/

## CREDITOR COUNSEL HOLDINGS, INC.'S MOTION FOR RELIEF FROM STAY

Creditor Counsel Holdings, Inc., by and through undersigned counsel and pursuant to 11 U.S.C. § 362(d), files *Creditor Counsel Holdings, Inc.'s Motion for Relief from Stay* and as grounds therefore, states as follows:

1. Counsel Holdings, Inc. ("**Counsel Holdings**") is in the legal recruiting business and is the successor by merger to MWK Recruiting, Inc. ("**MWK**").

2. Debtor was employed by predecessor entities of MWK[1] as a legal recruiter beginning in April 2006 and in connection therewith entered into an employment agreement which, among other provisions, contained confidentiality, non-compete and non-solicitation covenants.

3. Before resigning in December 2016, and following his resignation, Debtor committed a number of unlawful acts by diverting prospective candidates from MWK to a competing entity and by misappropriating MWK's trade secrets.

4. As a result, MWK brought an action against Debtor in the United States District Court for the Western District of Texas, Case No. 1:18-CV-444-RP for misappropriation of trade secrets and breach of the non-competition and non-solicitation covenants contained in the

---

[1] All such predecessor entities are collectively referred to herein as "MWK".

employment agreement (the "**Primary Case**"). In addition, MWK asserted claims for the failure of Debtor to timely repay two loans that MWK extended to Debtor while employed with MWK.

5. On September 15, 2022, the District Court entered its *Findings and Conclusions of Law*, holding Debtor liable for the misappropriation, breaches of the agreement, and breach of the two loans, a copy of which is attached hereto as **Exhibit "A"**.

6. On July 25, 2023, the District Court entered its *Amended Final Judgment* awarding damages of $515,326.20 for the misappropriation of trade secrets, $3,028,841.72 for the breach of the employment agreement, $26,204.90 for breach of the first loan and $15,759.78 on the second loan claim. In addition to awarding $155,455.30 as prejudgment interest associated with the misappropriation of trade secrets, and $671,294.33 in prejudgment interest in connection with the breach of the employment agreement. Attached hereto as **Exhibit "B"** is a copy of the *Amended Final Judgment*.

7. On January 29, 2024, the District Court awarded Counsel Holdings, Inc. attorney fees of $1,905,335.00 and costs of $19,515.32 in connection with that awarded in the *Amended Final Judgment*. Attached hereto as **Exhibit "C"** is a copy of the District Court fees and costs *Order*.

8. Debtor has never obtained stay of proceedings to enforce the judgment pursuant to FRCP 62 by filing a bond or posting other security. Since shortly after the original judgment was entered in the Primary Case on September 19, 2022, MWK has been seeking to enforce the judgment. Debtor has refused to provide answers to discovery and to appear for noticed debtor examination depositions. On the day that Debtor initiated this bankruptcy case, discovery responses from Debtor were due. Debtor was scheduled to appear at a hearing on Friday, April 19, 2024, to show cause why he should not be sanctioned for refusing to respond to discovery requests.

Attached as **Exhibit "D"** is a copy of the *Order* setting the show-cause hearing before the District Court.

9. In pursuit of satisfaction of the Amended Final Judgment and fees and costs Order, Counsel Holdings brought an action against Debtor and a number of his related entities and seeks to hold the three entity defendants liable for the Judgment as alter egos of Jowers. *Counsel Holdings, Inc. v. Evan P. Jowers, Legis Ventures (Hong Kong) Company Limited, Jowers Vargas LLC, and Jowers Langer LLC*, 1:23-CV-711-RP (the "**Alter Ego Case**"). Jowers has appeared in the Alter Ego Case personally and has filed a motion to dismiss on his own behalf, but the entity defendants have not appeared.

10. Jowers appealed the Primary Case to the Fifth Circuit Court of Appeals in two stages. First, he appealed his liability under the Judgment for damages resulting from findings that he stole trade secrets and breached contracts, Case No. 22-50936 (the "**First Appeal**"). Jowers lost the First Appeal when the Court of Appeals affirmed the Judgment in an unpublished 3-0 opinion on April 1, 2024.

11. The same day Debtor filed his bankruptcy petition with the Clerk of this Court on April 15, 2024, Jowers filed a motion seeking panel rehearing ("**Rehearing Motion**") in his First Appeal. Counsel Holdings believes there is little chance that the Rehearing Motion will result in anything other than a short delay prior to issuance of the appellate court's mandate in the First Appeal, terminating this case.

12. Following the District Court's award of attorney fees and costs in the Primary Case, the District Court appointed a receiver. Jowers appealed that decision as well as the fees and costs awards to the Fifth Circuit Court of Appeals, Case No. 24-50117 (the "**Second Appeal**").

13. Debtor's opening brief in the Second Appeal is due April 23, 2024. If Jowers proceeds with timely filing of his opening brief in the Second Appeal, the schedule at the Fifth Circuit Court of Appeals is such that a judgment and finality on the attorney fees and receivership issues at issue in the Second Appeal is likely by September or October 2024.

14. Thus, by way of this *Motion*, Counsel Holdings requests relief from the automatic stay for the limited purposes of allowing the appellate court in the First Appeal to rule on Debtor's motion for rehearing to issue its mandate. And in the Second Appeal, Counsel Holdings seeks relief from stay to conclude the Second Appeal through the entry of a final order in order to bring to conclusion the liquidation of the attorney fees and costs award, but not to pursue collection thereof. As to the issue of the appointment of a receiver, to the extent Debtor continues to pursue this issue in the Second Appeal, Counsel Holdings requests relief from stay to be able to file any and all briefs, motions and other papers, and otherwise participate in the appeal of the decision on the issue of appointment of a receiver.[2]

## Memorandum of Law

Section 362(a) of the United States Bankruptcy Code (11 U.S.C. §§ 101 *et seq.*) states that the filing of a bankruptcy petition operates as stay of:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

---

[2] Counsel Holdings, Inc. acknowledges that the Alter Ego Case is stayed by operation of § 362(a) and at this juncture, does not assert that there is "cause" to grant stay relief under § 362(d), but reserves the right to do so should circumstances arise warranting stay relief.

> (4) any act to create, perfect, or enforce any lien against property of the estate;
>
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title
>
> …

11 U.S.C. § 362(a).

Counsel Holdings acknowledges that continuations of the Primary Case and Alter Ego Case in the District Court are barred by § 362(a). But as to any defensive efforts taken by Counsel Holdings in the two appeals pending before the Fifth Circuit, any such action by Counsel Holdings arguably do not violate the automatic stay.

> "The fundamental purpose of bankruptcy, from the creditors' standpoint, is to prevent creditors from trying to steal a march on each other, *In re Holtkamp*, 669 F.2d 505, 508 (7th Cir. 1982), and the automatic stay is essential to accomplishing this purpose. There is, in contrast, no policy of preventing persons whom the bankrupt has sued from protecting their legal rights."

*Gordon v. Whitmore (In re Merrick)*, 175 B.R. 333 (9th BAP 1994) (quoting *Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n.*, 892 F.2d 575, 577 (7th Cir. 1989); see also, *In re Muhlig*, 494 B.R. 755, 767 (Bankr. SD Fla. 2013, J. Mark). "The Court agrees that the automatic stay does not prevent a defendant from seeking to defend itself in such litigation, including by seeking dispositive relief against the plaintiff/debtor."

Despite the fact that Counsel Holdings' defense of the motion for rehearing and subsequent entry of the mandate in the First Appeal is a protection of Counsel Holdings' legal rights, as is the defense of the Second Appeal, Counsel Holdings nevertheless asserts that "cause" exists to modify or lift the stay pursuant to subsection (d) of § 362. Doing so would allow the appellate court to perform the ministerial task of issuing its mandate in the First Appeal, in addition to permitting the appellate court to reach a decision in the Second Appeal as to the validity of the fees and costs

*Order* in order finally liquidate the claim. To the extent the Debtor continues to challenge in the Second Appeal the appointment of the receiver, Counsel Holdings asserts that it should be granted relief from stay to be able to defend the appeal in this regard.

WHEREFORE, Counsel Holdings, by and through undersigned counsel, requests that this Court grant this *Motion* and grant Counsel Holdings any further relief this Court deems just and proper.

Dated this 22nd day of April, 2024.
                                 **LORIUM LAW**
*Attorneys for Counsel Holdings, Inc.*
101 Northeast Third Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 462-8000
Facsimile: (954) 462-4300

By: /s/ Jason E. Slatkin
    JASON E. SLATKIN
    Florida Bar No: 040370
    jslatkin@loriumlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Court's CM/ECF system to all parties listed on the attached Service List on this 22nd day of April, 2024.

/s/ Jason E. Slatkin
Jason E. Slatkin

**SERVICE LIST**

Zachary Z. Zermay, Esq. - zach@zermaylaw.com

Office of the US Trustee - USTPRegion21.MM.ECF@usdoj.gov

Martin P. Ochs, Esq. - martin.p.ochs@usdoj.gov