UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| Evan Phillip Jowers, | : | CASE NO. 24-13584-MAM |
| | : | |
| DEBTOR. | : | |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S EX-PARTE MOTION FOR EXTENSION OF TIME TO FILE SCHEDULES AND RELATED DOCUMENTS**

COMES NOW MARY IDA TOWNSON, the United States Trustee for Region 21, in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. §586(a), and respectfully files this objection to the Debtor's ex parte motion (the "Motion") for an extension of time to file his required schedules and statements (D.E. 17).  In support, the United States Trustee states as follows.

1.      The Debtor filed a voluntary Chapter 11 petition on April 15, 2024.

2.       On April 16, 2024, the Clerk of the Court issued a Notice of Incomplete Filings (the "Notice") (D.E. 8).

3.      The Notice provided that the Debtor was required to file the following documents on or before April 29, 2024: (i) Schedules of Assets and Liabilities; (ii) Declaration Concerning Schedules; (iii) Statement of Financial Affairs; (iv) Chapter 11 Statement of Current Monthly Income; and (v) Payment Advices (collectively, the "Required Documents") (D.E. 8).

4.      The §341 meeting in this case is currently scheduled May 14, 2024, at 3:30 p.m. (D.E. No. 9).

5.      On Sunday, April 28, 2024, the Debtor filed the Motion seeking an extension of time to file the Required Documents (D.E. 17). Debtor filed the Motion on an ex-parte basis

6.      The Debtor requests a 140-day extension of time to file the Required Documents through and including September 2, 2024 (D.E. 17).

7.      In support of his request, the Debtor argues that there has been a material change affecting his debts, and as a result, he will not be able to complete the preparation of the Required Documents within the 14-day period proscribed by Bankruptcy Rule 1007 (D.E. 17).

8.      The United States Trustee objects to the requested extension as the Required Documents are necessary for Court to give proper notice of the commencement of the case and the United States Trustee to properly conduct the meeting of creditors.

9.      Local Rule 1007-1(B) states, in part, as follows:

Motions, pursuant to Bankruptcy rule 1007(c) or 9006(b), to extend the time to file lists, schedules, statements or other documents, must set for the date of the scheduled meeting of creditors. If no date has been set, the motion should so state. Motions which seek to extend the time within seven days before the §341 meeting will be granted only after a hearing and  only upon a showing of exceptional circumstances.

10.      The Motion fails to comply with Local Rule 1007-1. There is no mention of the §341 date which has been set for May 14, 2024. Furthermore, Debtor seeks an order on an ex-parte basis which also in not appropriate under this rule as the Debtor seeks an extension far after the scheduled §341 meeting date, months after the deadline to object to exemptions  and months after the bar date for filing proofs of claim.

11.      The United States Trustees submits the Debtor's case should not be delayed by 5 ½ months while the Debtor determines how the enactment of a Federal Trade Commission ruling passed post-petition on April 23, 2024 affect himself. To the extent there is such an effect, Debtor can and should address it in his disclosure statement and plan of reorganization.

12.      A 140-day extension of time will make it impossible for the United States Trustee

to conduct the duly scheduled meeting of creditors on May 14, 2024. Additionally, it will inordinately delay the administration of the Debtor's case and unduly prejudice creditors.

13.     Pursuant to Local Rule 1007-1 , the United States Trustee submits that the Debtor should be required to file the Required Documents on or before May 6, 2024, which is 7 business days prior to the scheduled meeting of creditors. If the Debtor cannot comply, this case should be dismissed.

WHEREFORE, the United States Trustee respectfully objects to the Debtor's request to extend the deadlines to file his schedules, Statement of Financial Affairs and related pleadings and requests to be heard at a hearing set on this matter.

MARY IDA TOWNSON
UNITED STATES TRUSTEE
REGION 21

By:_____/s/_____.
Martin P. Ochs*
Georgia Bar No. 091608
United States Department of Justice
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive SW
Atlanta, Georgia 30303
(404) 331-4509
martin.p.ochs@usdoj.gov


* I hereby certify that I am admitted to the Bars of the States of Georgia and New York and that I am excepted from additional qualifications to practice in this Court pursuant to Local Rule 9011-4 pertaining to attorneys representing the United States government.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the **UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S EX-PARTE MOTION FOR EXTENSION OF TIME TO FILE SCHEDULES AND RELATED DOCUMENTS (D.E. 17)** was electronically filed with the Court using the CM/ECF system**,** which sent notification to all parties of interest participating in the CM/ECF system to the following parties:

Jason Slatkin:          jslatkin@loriumlaw.com

Zachary Zermay:          zach@zermaylaw.com

DONE this the 29th day of April, 2024

_____/s/_____
MARTIN POCHS*
Trial Attorney

I hereby certify that I am admitted to the Bars of the States of Georgia and New York and that I am excepted from additional qualifications to practice in this Court pursuant to Local Rule 9011-4 pertaining to attorneys representing the United States government.