### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

**In re**

**EVAN P. JOWERS,**

      **Debtor.**

**Case No. 24-13584-MAM**
**Chapter 11**

---

### COUNSEL HOLDINGS, INC.'S RESPONSE IN
### OPPOSITION TO  DEBTOR'S MOTION TO QUASH AND
### COUNSEL HOLDINGS, INC.'S CROSS-MOTION TO COMPEL DISCOVERY

Counsel Holdings, Inc., by and through undersigned counsel, files Counsel Holdings, Inc.'s

Response in Opposition to Debtor's Motion to Quash and Cross-Motion to Compel Discovery and

as grounds therefore, Counsel Holdings states as follows:

### Background Facts

1.      On September 19, 2022, the Federal District Court for the Western District of

Texas, Austin Division, issued a judgment (as amended, the "**Judgment**") holding debtor Evan P.

Jowers ("**Jowers**" or "Debtor") liable to Counsel Holdings, Inc. ("**Counsel**") for $515,326.20 in

damages related to his misappropriation of trade secrets and $3,082,841.72 in damages for his

breach of restrictive covenants contained in his employment agreement with Counsel's

predecessor in interest.[1] Since the original judgment was issued, it was amended to add

prejudgment interest totaling $826,749.53. (*See* **Exhibit 1**, Dkt. 402, 1:18-CV-00444, Amended

Final Judgment). The trial court also awarded attorney fees of $1,905,335.00 and reasonable

---

[1] The Debtor, in his Motion to Quash Counsel Holdings' Rule 2004 Examination, [ECF No. 34], repeatedly ignores and attempts to deflect from the fact that a significant portion of the Judgment was based on the Debtor's misappropriation of trade secrets, not just his breach of restrictive covenants.

expenses of $19,515.32. (*See* **Exhibit 2**, Dkt. 427, 1:18-CV-00444, Order of Trial Court re Attorney Fees). The debt to Counsel Holdings now totals more than $7,000,000.[2]

2.      The bulk of the Judgment was affirmed on April 1, 2024, by the Fifth Circuit Court of Appeals, in an unpublished opinion. (**Exhibit 3**, Judgment of Fifth Circuit Court of Appeals, Case No. 22-50936, *Counsel Holdings, Inc. v. Jowers*). On April 15, 2024, the same day that he initiated this bankruptcy case, the Debtor filed a Petition for Panel Rehearing of the decision. (**Exhibit 4**, Petition for Panel Rehearing, Case No. 22-50936, *Counsel Holdings v. Jowers*). The Debtor also filed a separate appeal to the Fifth Circuit challenging the trial court's award of attorney fees and its appointment of a receiver, for which the Debtor's brief would have been due April 23, 2024, had the case not been stayed. (**Exhibit 5**, Briefing Notice, Case No. 24-50117, *Counsel Holdings v. Jowers*).

3.      Because the Debtor posted no security to stay enforcement pursuant to Fed. R. Civ. P. 62, Counsel has been seeking since October 2022 to collect on the Judgment. Pursuant to these efforts, Counsel has been trying through discovery to determine what the Debtor did with millions of dollars he admits having earned since he began misappropriating trade secrets and violating his contractual obligations in 2016. Jowers has refused for more than 18 months to produce the relevant information. The trial court ordered the Debtor to respond fully to the requests on August 23, 2023, but still he refused to do so. (**Exhibit 6**, Dkt. 408, 1:18-CV-00444, Order on Motion to Compel). So, on January 29, 2024, the trial court appointed a receiver in the case and placed him *in custodia legis* of all of the Debtor's property. (**Exhibit 7**, Dkt. 428, 1:18-CV-00444, Order Appointing Receiver).

4.      When the Debtor continued to refuse to comply with discovery, the trial court then granted Counsel's motion seeking a show cause order and set a hearing for April 19, 2024, which

---

[2] As Counsel Holdings will demonstrate, if this case is not earlier dismissed for other reasons, much of Jowers's debt to Counsel is not dischargeable in bankruptcy.

the Debtor was ordered to attend in person. (**Exhibit 8**, Dkt. 443, 1:18-CV-00444, Order to Show Cause).

5.      Through his bankruptcy filing on April 15, 2024, and the automatic stay, the Debtor has (temporarily at least) avoided answering for his refusal to produce requested information. The Debtor's tactic throughout the saga of the litigation that led to the judgment against him has been to delay and obfuscate. This Court should not allow him to continue to do so in this case in which the Debtor voluntary sought bankruptcy relief and thus has to comply with his duties as a debtor, including responding to standard discovery sought by what is by far the Debtor's largest creditor.

6.      To that end, on May 2, 2024 Counsel Holdings filed its Notice of Taking Rule 2004 Examination Duces Tecum of the Debtor, scheduling the examination for June 5, 2024, and requesting that the Debtor produce the requested documents on or before May 23, 2024 in order to allow sufficient time to prepare for the examination so it could go as smoothly and efficiently as possible. [ECF No. 22].

7.      A review of the documents requested reveal that they are standard document requests for an individual, chapter 11 debtor such as the Debtor herein. *Id*.

8.      Instead of complying with this standard discovery, the Debtor filed what is titled "Motion to Quash" and refers to a "subpoena" served by Counsel Holdings for the taking of Debtor's Rule 2004 examination.[ECF No. 34].

9.      By way of this Response and Cross-motion, Counsel Holdings demonstrates that the Debtor's arguments are totally without merit and as such the Debtor's Motion to Quash should be denied and Counsel Holding's Cross-motion to Compel should be granted by this Court.

## Memorandum of Law

First, there was no subpoena. What was filed and served was a notice, as provided for by the applicable rules of bankruptcy procedure. Therefore, the Debtor's entire argument and cited

authority with respect to the propriety of seeking discovery pursuant to a subpoena is completely inapplicable and for that reason alone, the Motion to Quash Should be Denied.

Ignoring the foregoing and focusing on whether the Notice and the documents sought are otherwise "unduly burdensome or constitutes harassment," clearly there is nothing unduly burdensome or harassing in the requests. This is a continuation of efforts to understand what the Debtor has done with millions of dollars' worth of assets which has been ongoing since Fall 2022 without success. The Notice scheduled the examination a month out, and the Debtor was asked to produce the documents within 21 days after the filing of the Notice. These dates are clearly reasonable in light of Local Rule 2004-1(B), which defines reasonable notice to be anything longer than 14 days. Moreover, Local Rule 2004-1(C) clearly defines Debtor's procedural option if he disagrees: he may file a motion for protective order. The Debtor did not do so. . Putting aside the procedural misstep, the Debtor's substantive arguments nevertheless fail to establish grounds for the entry of a protective order.

The Debtor contends that some of the responsive documents constitute "confidential business information." Motion to Quash, at 7. The two requests identified by the Debtor in connection with this flawed argument are requests numbered 44 and 45, which read as follows:

> 44. Any and all corporate charters, minutes of stockholders meetings, resolutions, or recorded evidence of any kind relating to the affairs of any corporation owned by Debtor, or any subsidiary or other entity in which such corporation holds an ownership interest during the past five years.

> 45. All documents referring, relating or pertaining to any records of salaries, commissions, bonuses, income from employment, wages, pay stubs, dividends, royalties, allowances, expenses or other sums of money paid to Debtor within the past five years.

It defies bankruptcy logic that the Debtor would object to producing documents responsive to foregoing requests, let alone claim that the documents are confidential business information. The information sought goes directly to (i) the extent of the Debtor's interests in various entities

and the value of those assets (request no. 44) and, (ii) the income received by the Debtor during a relevant time period (request no. 45).

For the foregoing reasons, the Debtor's Motion to Quash should be denied, and instead, Counsel Holding's Cross-motion to Compel should be granted as provided for by Rule 26 of the Federal Rules of Civil Procedure, made applicable herein pursuant to Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure, and as provided for by Local Rule 7026-1(E)(2). These rules allow a party to seek an order compelling compliance if another party fails to reasonably respond to such requests, which the Debtor clearly did by filing his Motion to Quash and not sitting for his examination on June 5 and by not providing the requested documents prior thereto. In addition, as provided for by the foregoing authority, Counsel Holdings is entitled to its attorneys fees attendant to this Response and Cross-motion and the proceedings surrounding the same.

### Certification of Meet and Confer

The undersigned certifies, pursuant to Local Rule 7026-1(E)(1), made applicable herein pursuant to Local Rule 9014-1(A), that prior to the filing of the forgoing, the undersigned conferred with the Debtor's bankruptcy counsel who did not dispute that Counsel Holdings was entitled to discovery, but that the Debtor would be providing specific comments as to each and every request the Debtor found objectionable. As of the filing of the foregoing, the undersigned has not received any further comment from the Debtor.

WHEREFORE, Counsel Holdings, by and through undersigned counsel, request that this Court deny the Debtor's Motion to Quash and grant Counsel Holdings Cross-motion to Compel, and award Counsel Holdings its attorney fees attendant to these proceedings and any further relief this Court deem just and proper.

Dated this 8th day of June, 2024.

**LORIUM LAW**
*Attorneys for Counsel Holdings, Inc.*
101 Northeast Third Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 462-8000
Facsimile: (954) 462-4300

By: /s/ Jason E. Slatkin
JASON E. SLATKIN
Florida Bar No: 040370
jslatkin@loriumlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Court's CM/ECF system and via U.S. Mail to all parties listed on the attached Service List on this 8th day of June, 2024.

## SERVICE LIST

Martin P. Ochs, Esq. on behalf of U.S. Trustee Office of the US Trustee
martin.p.ochs@usdoj.gov

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Zachary Z. Zermay, Esq., on behalf of Debtor Evan Phillip Jowers
zach@zermaylaw.com

Chad Van Horn, Esq., on behalf of Debtor Evan Phillip Jowers
Chad@cvhlawgroup.com,
chad@ecf.inforuptcy.com,g2320@notify.cincompass.com,chapter7@cvhlawgroup.com,
broward@cvhlawgroup.com,chapter11@cvhlawgroup.com,miami@cvhlawgroup.com,c
mecf@cvhlawgroup.com,VanHorn.ChadB104447@notify.bestcase.com

Evan P. Jowers
4 17th Avenue South
Lake Worth, FL 33460

7631.001