UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

EVAN PHILLIP JOWERS                             Case No.: 24-13584-MAM
                                                                              Chapter 11

       Debtor.
_____/

**CREDITOR COUNSEL HOLDINGS, INC.'S (I) RENEWED MOTION
FOR RELIEF FROM STAY, AND (II) MOTION TO EXTEND TIME TO
FILE COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT**

Counsel Holdings, Inc., a creditor herein, by and through undersigned counsel and pursuant to 11 U.S.C. § 362(d), files *Creditor Counsel Holdings, Inc.'s (i) Renewed Motion for Relief from Stay, and (ii) Motion to Extend Time to File Complaint Objecting to Dischargeability of Debt* and as grounds therefore, states as follows:

1. Counsel Holdings, Inc. ("Counsel Holdings") is in the legal recruiting business and is the successor by merger to MWK Recruiting, Inc. ("MWK").

2. Before resigning from his employment as a legal recruiter with predecessor entities of Counsel Holdings in December 2016, and thereafter, Debtor committed unlawful acts by diverting prospective candidates from Counsel Holdings to a competing entity and by misappropriating Counsel Holdings' trade secrets.

3. Counsel Holdings sued Debtor in the United States District Court for the Western District of Texas, Case No. 1:18-CV-444-RP, for misappropriation of trade secrets and breach of the non-competition and non-solicitation covenants contained in the employment agreement (the "Primary Case").

4. On September 15, 2022, the District Court entered its *Findings and Conclusions of Law*, holding Debtor liable for the misappropriation, breaches of the agreement, and breach of two loan agreements, a copy of which is attached hereto as **Exhibit "A"**.

P A G E | 1

5. On July 25, 2023, the District Court entered its *Amended Final Judgment* awarding damages of $515,326.20 for the misappropriation of trade secrets, $3,028,841.72 for the breach of the employment agreement, $26,204.90 for breach of the first loan and $15,759.78 on the second loan claim. In addition to awarding $155,455.30 as prejudgment interest associated with the misappropriation of trade secrets, and $671,294.33 in prejudgment interest in connection with the breach of the employment agreement. Attached hereto as **Exhibit "B"** is a copy of the *Amended Final Judgment* (the "*Judgment*").

6. Debtor appealed his liability under the Judgment resulting from findings that he stole trade secrets and breached contracts to the Fifth Circuit Court of Appeals, Case No. 22-50936 (the "First Appeal"). Jowers lost the First Appeal when the Court of Appeals affirmed the Judgment in an unpublished 3-0 opinion on April 1, 2024.

7. On January 29, 2024, the District Court awarded Counsel Holdings attorney fees of $1,905,335.00 and costs of $19,515.32 in connection with that awarded in the *Amended Final Judgment*. Attached hereto as **Exhibit "C"** is a copy of the District Court fees and costs *Order* (the "*Fees and Costs Order*").

8. Following the district court's award of attorney fees and costs in the Primary Case, Debtor also appealed that decision to Fifth Circuit Court of Appeals, Case No. 24-50117 (the "Second Appeal").

9. Jowers lost the First Appeal when the Court of Appeals affirmed the *Judgment* in an unpublished 3-0 opinion on April 1, 2024. The mandate of the court of appeals was set to issue by May 1, 2024.

10. On April 15, 2024, the same day Debtor filed his bankruptcy petition with the Clerk of this Court, the Debtor filed a motion seeking panel rehearing ("*Rehearing Motion*") in his First Appeal, thereby delaying the issuance of the court's mandate.

**RENEWED MOTION FOR STAY RELIEF AS TO DEBTORS FIRST APPEAL
AND SECOND APPEAL TO THE FIFTH CIRCUIT COURT OF APPEALS**

11. All that remains in the First Appeal is for the Appellate Court to rule on Debtor's motion for rehearing and issue its mandate. The decision of the appellate court, held in abeyance for now, affirmed the *Judgment* of the district court. Thus, no additional legal fees will be incurred in connection with the First Appeal by Debtor if the stay is lifted, and justice will be served in that a mere ministerial act by the appellate court will provide finality to some of the issues present in this case.

12. As to the Second Appeal, significant briefing of the issues had been completed by the parties before the federal district court, as evidenced by the *Fees and Costs Order*. There were no hearings, and Debtor was representing himself pro se in the appeal. Attached hereto as "**Exhibit D**" is Jowers's *Transcript Order Form*, filed in the appellate court March 8, 2024. The form shows that Debtor was acting *pro se* and that there are no hearing transcripts at issue in the appeal.

13. As of the date that Jowers filed this bankruptcy case, only a week remained prior to the deadline for his appellate brief to be submitted to the Fifth Circuit Court of Appeals, which was due April 23, 2024. Attached hereto as "**Exhibit E**" is the *Briefing Notice* issued by the court of appeals on March 14, 2024, stating that Debtor's opening brief was due within 40 days of the date of the letter.

14. Counsel Holdings previously moved for stay relief in this case. At the hearing on Counsel Holdings' initial motion, the Court was concerned that the Debtor would incur attorney fees in the appeals, coupled with the fact that the initial motion was filed shortly after the petition. The Court denied the initial stay relief motion without prejudice. *Order Denying Without Prejudice Creditor Counsel Holdings, Inc.'s Motion for Relief from Stay*. [Doc. 39].

15. In light of the fact that there is little left to be done in the Second Appeal and what Counsel Holdings considers to be ministerial in the First Appeal, it renews its request for stay relief pursuant to the authority discussed below.

## Memorandum of Law

16. The automatic stay imposed by § 362(a) is designed to prevent diminution or dissipation of assets of a debtor's estate, to give the debtor an opportunity to assess its financial condition, and to focus the claims resolution process in the bankruptcy court. *Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1330 (10th Cir.1984). However, the stay may be modified "for cause" to allow commencement or resolution of non-bankruptcy actions against the debtor. 11 U.S.C. § 362(d)(1).

17. Section 362(d)(1) does not define "cause" and courts are required to consider this issue on a case-by-case basis. In determining whether a creditor should be allowed to commence or continue a pending action in another forum, courts in this district assess the following factors: (1) whether the estate or the debtor will suffer any "great prejudice" if the suit is allowed to proceed; (2) the hardship to the non-bankrupt of continuation of the stay and whether it outweighs any hardship on the debtor; and (3) whether the creditor has a probability of prevailing on the merits of his case. *In re Makarewicz*, 121 B.R. 262, 265 (Bankr.S.D.Fla.1990).

The first element of the *In re Makarewicz* test is easily passed regarding both appeals. No great prejudice to the bankrupt estate or the Debtor will occur if the Court lifts the stay to allow the First Appeal and the Second Appeal to proceed. In the First Appeal, the *Rehearing Motion* is fully briefed. There is little chance that the *Rehearing Motion* will result in anything other than a short delay prior to issuance of the appellate court's mandate, terminating the First Appeal and establishing finality to the *Judgment*.

Although Debtor may incur some additional attorney fees in pursuing his Second Appeal, it is difficult to imagine what these costs would be. As of a week prior to the due date of is opening brief, Debtor (who is an attorney) had not employed appellate counsel and was acting pro-se. Presumably, by eight days prior to the deadline, Debtor was substantially finished with his brief. In any case, the record on appeal contains no hearing transcripts, and only written briefing is at issue. [*See supra*, ¶12].

To the extent that Debtor argues that he is unable to complete the appellate brief in time and he needs to employ counsel to do so, and that employing counsel for this purpose constitutes "great prejudice," any such argument is belied by the fact that Debtor himself is seeking to employ more than one law firm to represent it as bankruptcy counsel in this case. [*See, Ex Parte Application to Employ Co-Counsel*, Doc. 48]. Debtor appears to believe the bankruptcy estate has the capacity to employ additional counsel, but not appellate counsel.

As to the second element of the test in *In re Makarewicz*, the burden on Debtor's estate of completing the remaining briefing in the Second Appeal is surely less than the burden on the parties (and this Court) of retrying the issues presented in the appeals related to liquidation of the debt to Counsel Holdings. Debtor listed the debt to Counsel Holdings as "Disputed," clearly calling into question the finality of the determinations made by the district court. [Form 104, Doc. 4, at 1]. The effect of the *Order* staying the appeals is to give the Debtor exactly what he was seeking by filing for bankruptcy - a collateral attack on the appeals he initiated.

With respect to the third element of the *In re Makarewicz* test, Counsel Holdings clearly has a probability of prevailing in both the First Appeal and the Second Appeal. Counsel Holdings submits that the likelihood is miniscule at best that the court of appeals in the First Appeal will grant panel rehearing after issuing a 3-0 unpublished affirmance without oral argument. With regard to the Second Appeal, the Counsel Holdings is also highly likely to prevail, the result of which will be

the liquidation of a damage claim that if the Debtor remains in bankruptcy, will need to be properly addressed in this case.

Thus, all the elements of the relevant test for lifting a stay to allow related litigation to proceed are present in this case. Therefore, by way of this *Motion*, Counsel Holdings renews its request for stay relief as to the First Appeal so as to allow the Appellate Court to rule on the Debtor's motion for rehearing and issue its mandate, which is the final, ministerial step in establishing Counsel Holdings' primary claim against the Debtor.

Further, Counsel Holdings renews its request for stay relief as to the Second Appeal to allow remaining briefing work to be done in order to fully liquidate almost two million dollars in debt owed by the Debtor to Counsel Holdings. Debtor should complete and file the brief he was working on pro-se and was set to file eight days following his bankruptcy filing.

### **MOTION TO EXTEND DEADLINE TO OBJECT TO DISCHARGEABILITY OF DEBT**

1.  Section 523(c) of the Bankruptcy Code requires the filing of a complaint objecting to the dischargeability of debt under § 523(a)(2),(4), or (6), and Rule 4003(c) of the Federal Rules of Bankruptcy Procedure requires any complaint filed pursuant to § 523(c) to be filed within 60 days of the first date set for the first meeting of creditors convened pursuant to § 341 of the Bankruptcy Code. In this case, the deadline is July 15, 2024.

2.  Although confident the First Appeal and the Second Appeal will be resolved in favor of Counsel Holdings, until the Appellate Court rules on Debtor's motion for hearing and issues its mandate, the claim against the Debtor, which is of a non-dischargeable nature, is nevertheless not final.

3.  Therefore, concomitant with Counsel Holdings' renewed request for stay relief above, Counsel Holdings also requests an extension of the deadline to file a complaint objecting to the dischargeability of debt pursuant to 11 U.S.C. § 523(a)(4) and (6), sufficient to allow time for

the Appellate Court to conclude the First Appeal and for Counsel Holdings to file a complaint objecting to the dischargeability of debt.

### Memorandum of Law

The *Judgment* at issue is that of a federal district court, therefore, even though on appeal, it is final and has a preclusive effect in future proceedings, including this bankruptcy case. "[T]he established rule in the federal courts is that a final judgment retains all of its preclusive effect pending appeal.'" *In re City of Detroit*, 659 B.R. 191 (Bankr. ED Mich. 2024) (quoting *Erebia v. Chrysler Plastics Prods. Corp.*, 891 F.2d 1212, 1215 n.1 (6th Cir. 1989). As such, Counsel Holdings currently has grounds to bring an action to deny the dischargeability of the debts set forth in the *Judgment* and *Fees and Costs Order*. But in light of the fact that the Debtor appealed both decisions, Counsel Holdings' asserts it would be a better use of the parties' and this Court's resources not to commence the action now, but to do so if and when the appellate court issues its mandate in the First Appeal and rules on the fees and costs award in the Second Appeal. As such, Counsel Holdings seeks an extension of the July 15, 2024, deadline to object to the dischargeability of debtor under § 523 of the Bankruptcy Code.

Rule 4007(c) provides that on motion of a party in interest, after hearing and notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired. Rule 4007(c), Fed.R.Bankr.P. Counsel Holdings timely asserts that in light of the need to conclude the First Appeal and the effect of such on the propriety of filing a complaint objecting to the dischargeability of debt, cause exists to extend the deadline to filed a complaint to a date reasonably following the time that the Appellate Court's concludes the First Appeal.

WHEREFORE, Counsel Holdings, by and through undersigned counsel, requests that this Court grant this *Motion* and grant Counsel Holdings any further relief this Court deems just and proper.

Dated this 20th day of June, 2024.

**LORIUM LAW**
*Attorneys for Counsel Holdings, Inc.*
101 Northeast Third Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 462-8000
Facsimile: (954) 462-4300

By: */s/ Jason E. Slatkin*
    JASON E. SLATKIN
    Florida Bar No: 040370
    jslatkin@loriumlaw.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Court's CM/ECF system and U.S. Mail to all parties listed on the attached Service List on this 20th day of June 2024.

    /s/ Jason E. Slatkin
    *Jason E. Slatkin*

**SERVICE LIST**
Martin P Ochs on behalf of U.S. Trustee Office of the US Trustee
martin.p.ochs@usdoj.gov

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Zachary Z Zermay on behalf of Debtor Evan Phillip Jowers
zach@zermaylaw.com

Chad T. Van Horn, Esq. on behalf of Debtor Evan Phillip Jowers
Chad@cvhlawgroup.com, chad@ecf.inforuptcy.com, g2320@notify.cincompass.com, chapter7@cvhlawgroup.com, broward@cvhlawgroup.com, chapter11@cvhlawgroup.com, miami@cvhlawgroup.com, cmecf@cvhlawgroup.com, VanHorn.ChadB104447@notify.bestcase.com

Evan P. Jowers
4 17th Avenue South
Lake Worth, FL 33460

7631.001