IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA,
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Case No: 24--13584-MAM |
| EVAN PHILLIP JOWERS, | Chapter 11 |
| Debtor. | |
| COUNSEL HOLDINGS, INC., | Adv. Case No.: |
| Plaintiff, | |
| v. | |
| EVAN PHILLIP JOWERS, | |
| Defendant. | |

## COMPLAINT OBJECTING TO THE DISCHARGEABILITY OF DEBT

Counsel Holdings, Inc. ("Counsel Holdings"), by and through undersigned counsel, sues the Defendant, Evan Phillip Jowers, as the Chapter 11 bankruptcy debtor in the above-captioned case ("Jowers" or the "Debtor"), pursuant to 11 U.S.C. §523(a)(4) and (6) objecting the dischargeability of debts and as grounds therefore, Counsel Holdings states as follows:

### Parties, Jurisdiction and Venue

1.  The Plaintiff, Counsel Holdings, Inc., is a Texas corporation and is a creditor of the Debtor.

2.  The Debtor, Evan Phillip Jowers, is an individual who is a citizen of the State of Florida, is the Debtor in the above-captioned bankruptcy case.

3.  This is an action to deny the dischargeability of debt pursuant to 11 U.S.C. §523(a)(4) and (6), therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§157(b)(2)(J) and 1334(b).

4.  Venue is proper pursuant to 11 U.S.C. §1409 because this action arises under Title 11 and is related to the Debtor's bankruptcy case pending in this District.

## Factual Background

5.  Counsel Holdings is in the legal recruiting business and is the successor by merger to MWK Recruiting, Inc. ("MWK").[1]

6.  Before resigning from his employment as a legal recruiter with predecessor entities of Counsel Holdings in December 2016, and thereafter, Debtor committed unlawful acts by diverting prospective candidates from Counsel Holdings to a competing entity and by misappropriating Counsel Holdings' trade secrets.

7.  Counsel Holdings sued Debtor in the United States District Court for the Western District of Texas, Case No. 1:18-CV-444-RP, for misappropriation of trade secrets and breach of the non-competition and non-solicitation covenants contained in the employment agreement (the "Primary Case").

8.  On September 15, 2022, the District Court entered its *Findings and Conclusions of Law*, holding Debtor liable for the misappropriation, breaches of the agreement, and breach of two loan agreements, a copy of which is attached hereto as **Exhibit "A"**.

9.  On July 25, 2023, the District Court entered its *Amended Final Judgment* awarding damages of $515,326.20 for the misappropriation of trade secrets, $3,028,841.72 for the

---

[1] In this *Complaint*, the term "Counsel Holdings" refers to Counsel Holdings, MWK, and various other entities that were predecessors in interest to Counsel Holdings and MWK

breach of the employment agreement, $26,204.90 for breach of the first loan and $15,759.78 on the second loan claim. In addition to awarding $155,455.30 as prejudgment interest associated with the misappropriation of trade secrets, and $671,294.33 in prejudgment interest in connection with the breach of the employment agreement. Attached hereto as **Exhibit "B"** is a copy of the *Amended Final Judgment* (the "*Judgment*").

10. Jowers appealed his liability under the *Judgment* to the Fifth Circuit Court of Appeals, Case No. 22-50936 (the "First Appeal").

11. Jowers lost the First Appeal when the Court of Appeals affirmed the *Judgment* in an unpublished 3-0 opinion on April 1, 2024.

12. Jowers filed a motion rehearing in the First Appeal on April 17, 2024, the same day he filed for bankruptcy relief.

13. On January 29, 2024, the District Court awarded Counsel Holdings attorney fees of $1,905,335.00 and costs of $19,515.32 in connection with that awarded in the *Judgment*. Attached hereto as **Exhibit "C"** is a copy of the District Court fees and costs *Order* (the "*Fees and Costs Order*"). Debtor appealed the *Fees and Costs Order* to the Fifth Circuit Court of Appeals, Case No. 24-50117 (the "Second Appeal").

14. The *Fees and Costs Order*, as well as *Judgment* affirmed by the Fifth Circuit in the First Appeal, have preclusive effect under the principals of collateral estoppel.

**Count I – Denial of Dischargeability of Debt Pursuant to 11 U.S.C. §523(a)(4)**

15. Counsel Holdings restates and incorporates by reference herein paragraphs 1 through 14.

16. In connection with his employment with Counsel Holdings, the Debtor was entrusted with Counsel Holdings' trade secrets.

17. The Debtor, while acting in a fiduciary capacity, defalcated Counsel Holdings' trade secrets for the Debtor's own use by taking and using valuable information related to the placement of certain candidates for his own account and that of an accomplice, rather than complying with his legal obligation to act only in the interest of his principal, Debtor did so wantonly, referring specifically in his communications with Counsel Holdings' clients that he was communicating with those clients about placements opportunities through his "personal email" only because he was waiting for Counsel Holdings to pay him his commissions.

18. Debtor was aware that his behavior was wrong, and he knew that his behavior would cause harm to Counsel Holdings.

19. The Debtor's actions, as an employee of Counsel Holdings, is also an embezzlement of Counsel Holding's trade secrets, as found by the District Court.

20. Counsel Holdings suffered losses and as such was awarded damages by the District Court stemming from the Debtor's misappropriation of Counsel Holdings' trade secrets.

21. The debts arising out of the Debtor's defalcation and embezzlement of Counsel Holdings' trade secrets, including the associated prejudgment interest, attorney fees, and post-judgment interest, are non-dischargeable pursuant to 11 U.S.C. §523(a)(4).

WHEREFORE, Counsel Holdings, by and through undersigned counsel, requests that this Court deny the dischargeability of the debts arising out of the Debtor's misappropriation Counsel Holdings' trade secrets and grant Counsel Holdings any further relief this Court deems just and proper.

**Count II – Denial of Dischargeability of Debt Pursuant to 11 U.S.C. §523(a)(6)**

22. Counsel Holdings restates and incorporates by reference herein paragraphs 1 through 14.

23. In connection with his employment with Counsel Holdings, the Debtor entered an employment agreement that contained valid and enforceable non-competition and non-solicitation covenants under Florida law.

24. For a period of one-year following his employment with Counsel Holdings, Debtor was prohibited, absent permission obtained from Counsel Holdings, from providing any services to clients and candidates with whom he had interacted in the year prior to termination of his employment. These restrictions were reasonable, as found by the District Court.

25. The Debtor breached those covenants as found by the District Court.

26. The breach of those covenants was willful and malicious.

27. Debtor knew that his actions were substantially certain to cause to cause injuries to Counsel Holdings.

28. Indeed, his actions did cause damage to Counsel Holdings, as found by the District Court, which awarded Counsel Holdings damages.

29. The damages recoverable from the Debtor stemming from the Debtor's breach of the non-competition and non-solicitation covenants, including the associated prejudgment interest, attorney fees, and post-judgment interest, are non-dischargeable debts according to §523(a)(6) of the Bankruptcy Code.

WHEREFORE, Counsel Holdings, by and through undersigned counsel, requests that this Court deny the dischargeability of the debts arising out of the Debtor's breach of the non-compete and non-solicitation provisions of his employment agreement with Counsel Holdings' and grant Counsel Holdings any further relief this Court deems just and proper, including awarding Counsel Holdings its attorney fees pursuant to the agreement.

Dated this 3rd day of July, 2024.

**LORIUM LAW**
*Attorneys for Plaintiff*
101 N.E. Third Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone:   (954) 462-8000
Facsimile:   (954) 462-4300

By:  */s/ Jason E. Slatkin*
     Jason E. Slatkin
     Florida Bar No. 040370
     jslatkin@loriumlaw.com

7631.001