**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:

EVAN PHILLIP JOWERS                                   Case No.: 24-13584-MAM

                                                      Chapter 11

      Debtor.

_____/

## SUPPLEMENTAL NOTICE OF RULE 2004 EXAMINATION DUCES TECUM
### (Documents Only)

Counsel Holdings, Inc., through counsel and pursuant to Fed. R. Bankr. P. 2004 and Local Rule 2004-1, requests the Debtor produce the documents, electronically-stored information or objects described on the attached *Schedule "A"* pursuant to the "Definitions and Instructions" below, and/or permit inspection, copying, testing or sampling of materials at the law offices of Lorium Law (jslatkin@loriumlaw.com), 101 Northeast Third Avenue, Suite 1800, Fort Lauderdale, Florida 33301 within 14 days of the date of this Notice as provided by Local Rule 2004-1.

Dated this 18th day of November, 2024.

LORIUM LAW
*Attorneys for Counsel Holdings, Inc.*
101 N.E. Third Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone:  (954) 462-8000
Telefax:      (954) 462-4300

By:     */s/ Jason E. Slatkin*
      Jason E. Slatkin
      Florida Bar No.: 040370
      jslatkin@loriumlaw.com

and

By: /s/ Robert E. Kinney
Robert E. Kinney (Pro Hac Vice)
Texas State Bar No. 00796888
Robert@KinneyPC.com

Robert E. Kinney
824 West 10th Street, Suite 200
Austin, Texas 78701
Tel: (512) 636-1395

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Court's CM/ECF system to all parties listed on the attached Service List on this 18th day of November, 2024.

*/s/ Jason E. Slatkin*
Jason E. Slatkin

## SERVICE LIST

Zachary Z. Zermay, Esq. - zach@zermaylaw.com

Office of the US Trustee - USTPRegion21.MM.ECF@usdoj.gov

Martin P. Ochs, Esq. - martin.p.ochs@usdoj.gov

David A. Ray, Esq., dray@draypa.com, draycmecf@gmail.com;simone.draypa@gmail.com

Chad T. Van Horn, Chad@cvhlawgroup.com, chad@ecf.inforuptcy.com, g2320@notify.cincompass.com, chapter7@cvhlawgroup.com, broward@cvhlawgroup.com, chapter11@cvhlawgroup.com, miami@cvhlawgroup.com, cmecf@cvhlawgroup.com, VanHorn.ChadB104447@notify.bestcase.com

7631.001

2

## DEFINITIONS

For purposes of responding to this Notice of Rule 2004 Examination *Duces Tecum*, the following definitions shall apply.

1.    "Debtor" means Evan Phillip Jowers.

2.    "You" or "Your" means the Debtor.

3.    "Petition" means the Chapter 11 Voluntary Petition filed by You on April 15, 2024.

4.    "Your Affiliated Enterprises" refers to any and all entities in which you have a direct or indirect ownership interest, including, but not limited to Legis Ventures Hong Kong Company Limited, Jowers Vargas, LLC and Jowers Langer LLC.

5.    "Documents" or "documents" as used herein shall man the original and any copy, regardless of its origin and location, of all writings of any kind whatsoever including, but not limited to, all abstracts, accounting journals, accounting ledgers, advertisements, affidavits, agendas, agreements or proposed agreements, analyses, appointment books, appraisals, articles of incorporation, balance sheets, bank checks, bank deposit or withdrawal slips, bank credit or debit memoranda, bank statements, blue prints, books, books of account, budgets, bulletins, bylaws, canceled checks, charts, checks, codes, communications, communications with government bodies, computer data or printouts, conferences, contracts, correspondence, data processing cards, data sheets, desk calendars, details, diagrams, diaries, disks or data compilations from which information can be obtained or translated, drafts, drawings, E-Mails, electromagnetic tapes, files, films, financial calculations, financial projections, financial statements, graphs, handwritten notes or comments however produced or reproduced, indexes, insertions, instructions, internal accounting records, interoffice communications, invoices, ledgers, letters, lists, logbooks, manuals, memoranda, microfilm, minutes of meetings, motion pictures, newspaper or magazine articles, networks, nonconforming copies which contain deletions, notations or records of meetings, notes, notices of wire transfer of funds, outlines, pamphlets, papers, passbooks, periodicals, photocopies, photographs, pictures, plans, preliminary drafts, press releases, proposals, publications, punch cards, raw and refined data, receipts, recommendations, records, records of conferences or conversations or meetings, records of payment, reports, resolutions, results of investigations, schedules, schematics, sepia, shipping papers, slides, specifications, speeches, statements of account, studies, summaries, surveys, tape recordings, tax returns, telegrams, telephone logs and records, telephone and other conversations or communications, teletypes, telexes, transcripts, transcripts of tape recordings, video tapes, voice records, vouchers, work papers, worksheets, written notations, and any and all digital or analog electronic files whether on- or off-site, including "deleted" files and file fragments, store in machine-readable format on magnetic, optical or other storage media, including the hard drives or floppy disks used by the Debtors and their backup media (e.g., other hard drives, backup tapes, floppies, JAZ cartridges, CD-ROMS's) or otherwise, whether such files have been reduced to paper printouts or not.  This includes but is not limited to E-mails, both sent and  received, whether internally or externally; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all CAD (computer aided design) files, including drafts and revision; all presentation data or slide shows produced by presentation software (such as Microsoft Power Point); all graphs, charts and other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and Personal Information

Management (PIM) software (such as Microsoft Outlook or Lotus Notes); all data created with the use of Personal Data Assistants (PDA's), such as Palm Pilot, HP Jornada, Cassiopeia or other Windows CE-based or Pocket PC devices; all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and "cookies" files and all backup storage media, and any and all other papers similar to any of the foregoing.  Any document containing thereon or attached thereto any alterations, comments, notes or other material not included in the copies or originals or referred to in the preceding definition shall be deemed a separate document within said definition.  Any document shall include all exhibits, schedules or other writings affected by or referenced in any such document or other writings necessary to complete the information contained therein or make it not misleading.

Your search for these electronically stored documents shall include all of your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, SMS or MMS text messages, any text based communications, Blackberry/Research in Motion "PIN" messages, any text based messages transmitted through a proprietary or public "chat" service, proprietary software and inactive or unused computer disc storage areas. All electronically stored information produced shall be produced in its native format, and all requests expressly include requests for all metadata associated with the files to be produced. Copies of documents, which are not identical duplications or the originals or which contain additions to or deletions form the originals or copies of the originals if the originals are not available, shall be considered to be separate documents.

6.      "Communication" shall mean any oral or written statement, correspondence, dialogue, colloquy, discussion or conversation and, also, means any transfer of thoughts or ideas between person (as defined below) by means of Documents (defined term above) and includes any transfer of data from one location to another by electronic or similar means, and shall include any private or public message or statement transmitted through any social network or media.

7.      "Electronically Stored Information" or "ESI" means all materials within the full scope of Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence including, but not limited to, all electronic, digital, mechanical, magnetic, or optical records or representations of any kind (including, without limitation, computer files and programs, hard drives, thumb or flash drives, tapes, cassettes, discs, recordings), metadata, and information stored on a computer, laptop, hand-held computer device, disk, CD, DVD, and any electronic, digital, or mechanical recording or production or any oral material.

8.      The term "referring to," "relating to," "reflecting," "concerning," "supporting," "evidencing," "pertaining to," "involving," "identifying," and "regarding" to any given subject, when used to specify a Document or Electronically Stored Information, means any Documents or Electronically Stored Information that constitutes, contains, reflects, identifies, states, refers to, deals with, or is in any manner whatsoever pertinent to that subject.

9.      The conjunctions "and" and "or" shall be interpreted in each instance as meaning "and/or" so as to encompass the broader of the two possible constructions, and shall not be interpreted disjunctively so as to exclude any information or documents otherwise within the scope of any Request.

10.      Any pronouns used herein shall include and be read and applied as to encompass the alternative forms of the pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted so as to exclude any information or documents otherwise within the scope of the Request.

11.      "Possession, custody or control" shall have the same meaning as in Rule 34(a) of the Federal Rules of Civil Procedure.

12.      "Person" shall mean any natural person, individual, entity, proprietorship, partnership, corporation, association, organization, joint venture, business trust, or other business enterprise, governmental body or agency, legal or business entity, or group of natural persons, or other entity, whether sui juris or otherwise, and includes both the singular and plural.

13.      The term 'any and all documents' means every Document or group of Documents or communications or "ESI" responsive as above defined known to you, and every such document or communication or "ESI" which can be located or discovered by reasonably diligent effort.

14.      As used herein, the singular and masculine form of nouns and pronouns shall embrace, and be read and applied as, the plural or feminine or neuter, as circumstances may make appropriate.

15.      If any Document or ESI is being withheld on grounds of privilege, provide a privilege log as required by the Federal Rules of Civil Procedure in sufficient detail in order to enable a Court to assess the applicability of the asserted privilege.

16.      If you decline to respond to any of the requests on the basis of any privilege known in the law, you are requested to provide, at or prior to the designated time for response, the following written information pertaining to each such response:

   A. its date or, if not dated, the date it was prepared or received;
   B. the type of document and/or information or ESI (e.g., letter, memorandum, telegram, chart, photograph, reproduction, etc.);
   C. its author and the author's business and residence addresses;
   D. its present location;
   E. the identity and business and residence addresses of the person in custody;
   F. a general description of its contents;
   G. the number of pages thereof;
   H. the identity of each person who received or was shown the original or a copy, and the relationship of the person to any party to this litigation;
   I. whether the document or ESI contains or relates to facts or opinions, or both; and
   J. the exact nature of the privilege claimed.

17.      If any Document or ESI to be produced has been destroyed or is otherwise incapable of production, state: (a) the date, place and means of the destruction; (b) the name and address of each person deciding upon, participating in and having knowledge of the destruction; (c) the reason for the destruction; and (d) if not destroyed, the reason why the document is incapable of production.

18.    In the event such file(s) or document(s) or ESI has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and sub-file, if any, maintained within the file, and the present location of the file.

19.    This request for production of documents is continuing and you are requested to supplement your responses hereto. If after producing the Documents or ESI, you become aware of any further Documents or ESI responsive to this request, you are required to immediately produce such additional Documents or ESI without further request or Order of Court.

20.    The relevant time period for the documents requested is the last four years prior to the petition date.

## SCHEDULE "A"[1]

1. Documents, other than the Hong Kong tax returns previously provided, that evidence the sources and payments of the wages, salary, bonuses, and any other remuneration received by Debtor claimed on his Hong Kong tax returns.

2. Statements from April 2019-April 2024 for Debtor's and his Affiliated Enterprises' accounts at: American Express, Truist, AirWallex, Zelle, Citi, Coinbase Inc., Barclaycard, CapitalOne, Affirm, Inc., Freedom Life Insurance, Bloomingdales, Audi Financial, Wells Fargo (auto loan), ATT, Merrick Bank, Credit One Bank. Prudential, AppleCard, and Affirm.

3. All documents that refer to, relate to, reflect or concern any transfers made to or from any financial account held for the benefit of Debtor, by any third party, for the last five years, including but not limited documents related to all household expenses incurred by the Debtor.

4. Signature cards for all accounts on which Debtor has signatory authority during the past five years.

5. [Related to prior request number 10] Any and all documents concerning any interest in, or claimed title to, any certificates of deposit, letters of credit, money orders, cashier's checks, traveler's checks, bank deposits or escrow funds owned or held be Debtor in the past five years. (Incomplete documents were produced. In particular, but not limited to the Hong

---

[1]  To the extent any or all documents or records responsive to this Request are in electronic format, please contact the undersigned to arrange for their production via electronic mail, Dropbox, etc. (jslatkin@loriumlaw.com).

Kong HSBC account documents were not produced despite identifying the account by number.)

6.  [Related to prior request number 11] Any and all documents related to any account in which any of Debtor's earnings or other income has been deposited into in the past five years, whether Debtor continued to have an interest in it or not. (Same deficiency as above. In addition, the Debtor needs to produce account documents for the following accounts from which funds were transferred from Legis Ventures account ending XXXX6838.)

7.  Any and all communications between you and Lateral Link, including any person employed by Lateral Link, related to the terms of your employment there, the basis for any commission payments to you, and the payment of any amount to you or any person designated by you to receive a payment.

8.  Any and all employment agreements, memoranda, or other documents regarding yours or your Affiliated Enterprises' relationship(s) with Lateral Link.

9.  Any and all documents regarding any funds, property, or other form of remuneration received by you or any of your Affiliated Enterprises from Lateral Link.

10. Any and all documents evidencing any debts, or other obligations, such as promissory notes, pledges, mortgages, and the like with respect the payments made to Mike Carr.

11. Any and all documents regarding any transfer of funds or payments made to Tatiana Jowers.

12. Any and all documents regarding any transfer of funds or payments made to Kathleen (or Kathy) Jowers, including but not limited to email messages regarding such payments.

13. All of the following for each of your Affiliated Enterprises:

    a.    General ledger for the relevant period, including all account details and supporting journal entries,

8

b.      Accounts receivable, accounts payable, fixed assets, and inventory ledgers, for the relevant period,

c.      All invoices and statements for amounts due to the Affiliated Enterprise issued during the relevant period,

d.      All receipts, invoices and statements for all amounts paid or payable during the relevant period,

e.      Bank account reconciliations for the relevant period,

f.      Any inter-company or related party transaction documents, including loan agreements, transfer pricing documentation, and expense allocations, for the relevant period,

g.      all payroll records, including payroll ledgers, employee earnings statements, and payroll tax filings, for the relevant period,

h.      all credit card statements and supporting documentation for any corporate or company cards used during the relevant period, and

i.      any loan agreements, promissory notes, and loan repayment schedules for loans active during the relevant period.

14. Any and all documents relating to the transfer of any stock or membership interest you had in any entity within the past four years, including but not limited to the transfers of shares in Legis Ventures (Hong Kong) Company Limited to or from you, and to or from Alejandro Vargas, Yuliya Vinokurova, and Alexis Lamb, as well as any transfers of shares in Jowers Vargas LLC.

15. Any and all documents regarding the defamation claim you brought in Hong Kong, including but not limited to documents evidencing the damages you incurred or you believe you are entitled to receive in connection with the defamation claim.