## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

| | |
|---|---|
| **In re** <br><br> **EVAN P. JOWERS,** <br><br> Debtor. | Case No. 24-13584-MAM |

### NOTICE OF DOCUMENT SUBPOENA TO DAVID HYERS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE of the attached Subpoena from Creditor, Counsel Holdings, Inc., by and through its counsel, to David Hyers, 703 Cedar Bay Road, Jacksonville, FL 32218.

Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Code and Local Rule 2004-1, Plaintiff Counsel Holdings, Inc. seeks the production of documents, electronically stored information, and things from David Hyers by December 10, 2024, at 5:00 pm, or 14 days from the date this notice is served, whichever is later. A true and correct copy of the Subpoena is attached.

Dated this 20th day of November, 2024.

**LORIUM LAW**
*Attorneys for Counsel Holdings, Inc.*
101 N.E. Third Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 462-8000
Telefax: (954) 462-4300

By: */s/ Jason E. Slatkin*
 Jason E. Slatkin
 Florida Bar No.: 040370
 jslatkin@loriumlaw.com

and

By: */s/ Robert E. Kinney*
Robert E. Kinney (Pro Hac Vice)
Texas State Bar No. 00796888
Robert@KinneyPC.com

Robert E. Kinney
824 West 10th Street, Suite 200
Austin, Texas 78701
Tel: (512) 636-1395

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Court's CM/ECF system to all parties listed on the attached Service List and via U.S. Mail to David Hyers, 703 Cedar Bay Road, Jacksonville, FL 32218 on this 20th day of November 2024.

*/s/ Jason E. Slatkin*
Jason E. Slatkin

**SERVICE LIST**

Zachary Z. Zermay, Esq. - zach@zermaylaw.com

Office of the US Trustee - USTPRegion21.MM.ECF@usdoj.gov

Martin P. Ochs, Esq. - martin.p.ochs@usdoj.gov

David A. Ray, Esq., dray@draypa.com, draycmecf@gmail.com;simone.draypa@gmail.com

Chad T. Van Horn, Chad@cvhlawgroup.com, chad@ecf.inforuptcy.com, g2320@notify.cincompass.com, chapter7@cvhlawgroup.com, broward@cvhlawgroup.com, chapter11@cvhlawgroup.com,miami@cvhlawgroup.com, cmecf@cvhlawgroup.com, VanHorn.ChadB104447@notify.bestcase.com

# UNITED STATES BANKRUPTCY COURT
Southern District of Florida

In re Evan P. Jowers  _____  Case No. 24-13584-MAM
      Debtor.

                                        Chapter 11

_____
      Plaintiff,                                Adv. Proc. No.

v.

_____
      Defendant.

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To:    **David Hyers, 703 Cedar Bay Road, Jacksonville, FL 32218**
        *(Name of person to whom the subpoena is directed)*

☒    *Production:* **YOU ARE COMMANDED** to produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination):

| PLACE | DATE AND TIME |
|---|---|
| Lorium Law<br>101 N.E. Third Avenue, Suite 1800<br>Fort Lauderdale, FL 33301 | December 10, 2024<br>at 5:00 p.m. |

See attached Exhibit "A"

*(Description of documents, electronically stored information, or objects)*

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

    PLACE                                                                                                      DATE AND TIME

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: November 20, 2024.    CLERK OF COURT        OR

                                    _____                                              _____
                                  *Signature of Clerk or Deputy Clerk*                                            *Attorney's signature*

LF-84 (rev. 12/01/21)

The name, address, email address, and telephone number of the attorney representing Counsel Holdings, Inc., who issues or requests this subpoena, are:

Jason E. Slatkin, Esq.
Lorium Law
101 N.E. Third Avenue, Suite 1800
Fort Lauderdale, FL 33301
Telephone: 954.462.8000
Email: jslatkin@loriumlaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

LF-84 (rev. 12/01/21)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                        _____
                                                                    *Server's signature*

                                                        _____
                                                              *Printed name and title*

                                                        _____
                                                                *Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
# (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

LF-84 (rev. 12/01/21)

## EXHIBIT "A"

## INSTRUCTIONS

1. These Instructions and Definitions require responses based upon the information available to You as well as Your attorneys, representatives, investigators, and others acting on Your behalf or under Your control. These requests include any and all relevant documents within the possession, custody, or control of You including, without limitation, documents located in the personal files of any and all past and present directors, officers, agents, representatives, employees, attorneys, accountants, or others under the control of You.

2. A document is within the possession, custody, or control of You if You are able to obtain a copy with a reasonable expenditure of time, effort, expense, or influence. *See In re Wells*, 426 B.R. 579 (N.D. Tex. 2006) (citing *Resolution Trust Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 110 (D. Colo. 1992) (citing cases from various circuits)); *Southern Filter Media, LLC v. Halter*, 2014 U.S. Dist. LEXIS 120837, 14-15 (M.D. La. Aug. 29, 2014) ("Documents are deemed to be within the 'possession, custody or control' of a responding party if that party either has 'actual possession, custody or control' of the documents or if that party 'has the legal right to obtain the documents on demand or has the practical ability to obtain the documents from a non-party to the action.'" *citing Estate of Monroe v. Bottle Rock Power Corp.*, No. 03-2682, 2004 U.S. Dist. LEXIS 5737, 2004 WL 737463, at *10 (E.D. La. April 2, 2004).

3. If You are truly unable to produce a responsive document, state in writing why; if Your inability to produce the document or the property is because it is not in Your actual physical possession or the possession of a person from whom You could obtain it, state the name, address, and telephone number of any person You believe may have the original or a copy of any such document.

4. If You object to any portion or any aspect of any Request, state the grounds of Your objection with specificity and respond to the remainder of the Request as fully as You are able.

5. If You intend to object to any Request on the ground that it is overbroad or unduly burdensome for any reason, You must respond to that Request as narrowed to the least extent necessary, in Your judgment, to render it not overbroad or unduly burdensome and You must state specifically the extent to which You have narrowed that Request for purposes of Your limited understanding and You must provide the factual basis for Your conclusions. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (citation omitted); *Acme Truck Line v. Gardner*, 2014 U.S. Dist. LEXIS 164849, 4-5 (S.D. Tex. Nov. 25, 2014) ("For good cause to exist, the party seeking to limit the disclosure must make more than conclusory allegations that specific prejudice or harm will result if no protective order is granted."); *Gordon v. Greenville Indep. Sch. Dist.*, 2014 U.S. Dist. LEXIS 162729 (N.D. Tex. Nov. 20, 2014) ("A party resisting discovery must show specifically how each request is not relevant or otherwise [is] objectionable).

6. If, in answering these requests, You encounter any ambiguities when construing a Request, Instruction, or Definition, set forth the matter deemed ambiguous and the construction You used in responding.

7. For any responsive documents or tangible things that have been lost, destroyed, or withheld from production based on any ground, provide a written statement setting forth:

  a. the identity of the document(s);
  b. the nature of each document (e.g., letter, memorandum, chart);
  c. the identity of the person(s) who received copies of the document;
  d. the date of the document;
  e. a brief description of the subject matter of the document; and
  f. the circumstances of the loss or destruction and any fact, statute, rule, or decision upon which You rely in withholding the document.

  8. Where You assert any privilege or immunity in responding or objecting to any of these requests and information is not provided on the basis of such assertion, identify the nature of the privilege or immunity. When any privilege is claimed, You must indicate, as to the information requested, whether: (i) any documents exist; or (ii) any communications took place; and (iii) also provide the following information for each such document in a "privileged documents log" or similar format:
  a. the type of document;
  b. the general subject matter of the document;
  c. the date of the document;
  d. the author(s) of the document;
  e. the addressee(s) and any other recipient(s) of the document; and
  f. the custodian of the document, where applicable.

  9. If responsive documents are maintained in a file, the file folder itself is responsive and should be produced along with the responsive documents.

  10. All Documents requested are to be produced in the same file or other organizational environment in which they are or were maintained. For example, a Document that is part of a file, docket, or other grouping, should be physically produced together with all other Documents from said file, docket, or grouping, in the same order or manner of arrangement as the original. Alternatively, as to each Document and thing produced in response hereto, You shall identify the Request for production in response to which the Document or thing is being produced.

  11. These requests seek all responsive Documents in their original language and, if such original language is not English, these requests also seek all English-language translations that may exist for any such Documents.

  12. Each Document is to be produced along with all drafts, without abbreviation or redaction.

  13. These requests are continuing; You are required to supplement Your responses at least in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

  1. "All" and "any," together or alone, mean "any and all" and shall be construed to include the term "each," and "each" shall be construed to include the term "all."

  2. "Counsel" and "Creditor" means Counsel Holdings, Inc., and any and all predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all past or present officers, directors,

employees, agents, attorneys, representatives, and all other persons acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

      3.     "You," and "Your" means David Hyers and any person acting on his behalf.

      4.     "Vinokurova" means Yuliya Vinokurova.

      5.     "Jowers" or "Debtor" means Evan P. Jowers.

      6.     "Jowers Langer" means Jowers Langer LLC, a Florida limited liability company for which You were the registered agent as of February 27, 2020, and includes officers, directors, members, managers, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries, parents, affiliates, divisions, associates, successors, predecessors, consultants, and other related entities (in each case, foreign or domestic), and specifically includes all assets or companies that have been acquired by Jowers Langer, or with respect to which it has succeeded to rights or obligations.

      7.     "Jowers Vargas" means Jowers Vargas LLC, a Florida limited liability company for which You were the registered agent, and includes officers, directors, members, managers, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries, parents, affiliates, divisions, associates, successors, predecessors, consultants, and other related entities (in each case, foreign or domestic), and specifically includes all assets or companies that have been acquired by Jowers Langer, or with respect to which it has succeeded to rights or obligations.

      8.     "Lateral Link" means the company whose website is located at www.laterallink.com, Lateral Link, Cadence Counsel Group Inc., and any subsidiary or corporate affiliate of any of these entities.

      9.     "Legis" means Legis Ventures (HK) Company Limited, which does business as Jowers Vargas, and includes officers, directors, members, managers, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries, parents, affiliates, divisions, associates, successors, predecessors, consultants, and other related entities (in each case, foreign or domestic), and specifically includes all assets or companies that have been acquired by Jowers Langer, or with respect to which it has succeeded to rights or obligations.

      10.     "Vargas" means Alejandro Vargas

      11.     "Candidate" refers to a person who is seeking or who is thought of as capable of successfully seeking placement into a law firm or corporation.

      12.     "Documents" has the broadest possible meaning afforded under the Federal Rules of Civil Procedure and includes electronically stored information.

      13.     The terms "thing" and "things" have the broadest possible construction under the Federal Rules of Civil Procedure, including prototypes, packaging, and any other tangible item or physical object other than a document.

14. "Pertain" means and includes all documents and things that refer to, cite to, list, are or were used in the creation of, or are otherwise associated with, the specified item or document referred to, or are or were authored by the person referred to.

15. "Placement" means a completed deal in which a person has obtained employment from another person in a transaction for which a third party is or may be entitled to be paid a fee for having facilitated the offer and acceptance of such employment. The person who has obtained employment in this way has been "placed."

16. "Placement Fee" means the financial or other remuneration to which a person is or may be entitled for facilitating a Placement. If the remuneration involved is not a cash payment but is instead a delivery of services or an agreement to defer a payment or forgive a debt, this is still a Placement Fee for purposes of these definitions.

17. "Submission" means the transmission of information about a Candidate to an organization that might employ that Candidate.

18. The singular includes the plural and the plural includes the singular.

19. No masculine, feminine, or neuter pronoun excludes the other genders.

20. "Or" means and refers to both "or" and "and" and means and refers to "and/or" as necessary to bring into the scope of the following requests any document or thing that otherwise would not be in the scope of the Request.

21. "Including," "include," or "includes" means and refers to "including, without limitation".

22. The use of the past tense includes the present tense unless otherwise explicitly delimited.

23. "Concerning" means and refers to "referring to," "relating to," "comprising," "constituting," "reflecting," "mentioning," "evidencing," "representing," "discussing," "describing," "pertaining to," or "connected with" the referenced subject matter.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION 1.**   Produce any and all Documents relating to your employment with or by Jowers Vargas, Jowers Langer, Legis, or Lateral Link within the past four years, including but not limited to Documents demonstrating the terms of your employment, your credit on any Placement, your termination, and your remuneration.

**REQUEST FOR PRODUCTION 2.**   Produce any and all Documents constituting correspondence between You and Jowers from May 1, 2021, to the date you serve your response to this subpoena, to the extent that any such Documents relate to a Candidate, a Submission, a Placement, a Placement Fee, a potential Placement, or the division, allocation, or distribution of any Placement Fees from such Candidate, Submission, Placement, or potential Placement, including any email communications, text messages, WhatsApp or WeChat messages, or similar instant messages, and letters sent or received by mail.