# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

FILED-USBC, FLS-WPB
'24 DEC 10 PM 2:24

| | |
|---|---|
| In re:<br>Evan P. Jowers, et al.<br>　　　　　　Debtor. | Chapter 11<br><br>Case No. 24-13584-MAM |

## THIRD-PARTY ALEXIS LAMB'S MOTION FOR ENTRY OF AN ORDER QUASHING COUNSEL HOLDINGS, INC.'S SUBPOENA PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9016 AND FEDERAL RULE OF CIVIL PROCEDURE 45(d)(3)(A)/(B)

Alexis Lamb ("Movant") hereby files this motion ("Motion") pursuant to Federal Rule of Civil Procedure ("Civil Rule") 45(d)(3)(A) and (B), made applicable to this case by Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9016 for entry of an order (a) quashing or modifying the  Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Bankruptcy Case (Or Adversary Proceeding) ("Subpoena") served by Counsel Holdings, Inc. ("Serving Party") on Movant; and (b) granting such other relief that the court deems just and proper. In support of this Motion, Movant respectfully represents as follows:

### JURISDICTION AND VENUE

1.　　　This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 1334(b) and 157. This is a core proceeding under 28 U.S.C. Section 157(b)(2).

2.　　　The statutory and legal predicate for the relief requested herein is Bankruptcy Rule 9016 and Civil Rule 45(d)(3).

3.　　　Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409 and Civil Rule 45(d)(3).

### BACKGROUND

**General Background**

4.　　　On April 15, 2024 ("Petition Date"), Evan Jowers ("Debtor") commenced a voluntary case under Chapter 11 of the Bankruptcy Code by filing a bankruptcy petition/their bankruptcy petitions.

5.      The Debtor continues in possession of his property and manages his business as a debtor[s]-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code

6.      Information regarding the Debtor's history and business operations, capital structure, and secured indebtedness, and the events leading up to the commencement of this Chapter 11 case can be found in the schedules filed with the Court on the Petition Date.

7.      Movant and Debtor are former colleagues, but have not worked at the same company for over 18 months, and Debtor has never had any interest in, nor any involvement whatsoever in the Movant's current recruiting company. Movant and Debtor have had no financial dealings in over 18 months. Robert Kinney, who is admitted *pro hac vice* before this Court to represent Creditor Counsel Holdings, Inc., knows this because he deposed and has harassed movant in the litigation that gave rise to the debt that forced Debtor to seek bankruptcy protection. It is my understanding that Robert Kinney caused several other harassing subpoenas to be issued against other former, and current associates of Debtor.

**Relevant Background**

8.      ON November 20, 2024, the Serving Party served a subpoena on the Movant seeking production of documents, electronically stored information, and things in connection with my business, trade secrets, confidential information.

9.      Under Civil Rule 45(d)(3)(A), the Subpoena must be quashed because it does not provide a reasonable amount of time for Movant to comply with the Subpoena, it requires Movant to travel to Fort Lauderdale, Florida, a location which is more than 100 miles from Movant's place of residence, employment, and where Movant regularly transacts business in person, is outside the state where the Movant resides, is employed, and regularly transacts business in person, and Movant is not a party or officer of a party and will incur substantial expense to attend to produce documents, electronically stored information, or tangible things more than 100 miles from where Movant resides, is employed, and privileged or other protected matter absent an applicable waiver it subjects a person to undue burden.

Under Civil Rule 45(d)(3)(B), the Subpoena should be quashed because it requires Movant to disclose trade secret/confidential information. Like with Mr. Kinney's other harassing discovery requests, on behalf of Serving Party, he makes incredibly invasive requests. They are all objectionable. But the following are just a sampling of how broad they are: General ledger for the period April 14, 2020 present day, including all account details and supporting journal entries, b. Accounts receivable, accounts payable, fixed assets, and inventory ledgers, for the period April 14, 2020 to present day,  All invoices and statements for amounts due to the Affiliated Enterprise issued during the period April 14, 2020 to the date you respond to these requests

Furthermore, the Subpoena is defective because it did not provide for payment of witness fees/the issuing court did not have personal jurisdiction over Movant. To wit, "the subpoena

power of a court cannot be more extensive than its jurisdiction." *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988). Movant does not live in Florida, does not do business in Florida, does not travel to Florida aside from personal / family leisure trips, and resides more than 100 miles from Florida. Accordingly, this Court does not have personal jurisdiction over Movant.

10.     Additionally, Movant is a legal recruiter in competition with Counsel Holdings, Inc. and Mr. Kinney.  Compliance with the Subpoena, searching through, and reviewing electronically stored information regarding my confidential financial information, candidate and client information, and invoices that Movant's company has sent will result in undue burden or expense to Movant, will require production of privileged or confidential information, trade secrets or other confidential information or research/opinions or information from an unretained expert.

11.     Serving Party has not demonstrated a need for this financial information in Debtor's bankruptcy proceedings. At best, this is an impermissible fishing expedition. At worst, it is a continuation of Serving Party's and Mr. Kinney's calculated campaign of harassment against Debtor, everyone, and everything affiliated with him.

12.     This Motion is timely.

13.     Movant's attempts to meet and confer with the party serving the subpoena have not been successful.

## RELIEF REQUESTED

14.     By this Motion, Movant seeks entry of an order quashing or modifying the Subpoena and granting such other relief as the Court deems just and proper.

## BASIS FOR RELIEF

15.     Bankruptcy Rule 9016 makes Civil Rule 45 applicable to bankruptcy cases. Civil Rule 45 states the requirements for subpoenas including the serving party's duty to avoid imposing an undue burden or expense on the person to which the subpoena is directed. The court is authorized to enforce this duty by quashing or modifying the subpoena and awarding sanctions in the form of lost earnings or attorneys' fees against the serving party (Fed. R. Civ. P. 45(d)(1)).

16.     The Subpoena is attached hereto as Exhibit-A and requires the Movant to comply.

17.     The Subpoena must be quashed or modified because it does not provide reasonable time to comply in violation of Civil Rule 45(d)(3)(A)(i) requires Movant to comply outside the geographical limits in Civil Rule 45(c) in violation of Civil Rule 45(d)(3)(A)(ii), requires disclosure of privileged or other protected matter in violation of Civil Rule 45(d)(3)(A)(iii), subjects Movant to undue burden by forcing Movant to reveal trade secrets, confidential financial information, and electronically stored information to a competitor in the same industry in violation of Civil Rule 45(d)(3)(A)(iv), requires disclosure of a trade secret or other confidential research, development, or commercial

3

information in violation of Civil Rule 45(d)(3)(B)(i), this Subpoena is brought for purposes of harassing Movant and the Debtor, and this Court lacks personal jurisdiction over Movant.

## NOTICE

18.     Movant will provide notice of this Motion to: (a) the Debtor; (b) the Office of the United States Trustee;  (e) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002; and (f) such other persons as directed by the Court. In light of the nature of the relief requested herein, the Movant submits that no other or further notice is necessary.

## NO PRIOR REQUEST

19.     No prior request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

4

WHEREFORE, for the reasons set forth herein, Movant respectfully requests that this Court enter an order, substantially in the form of the Proposed Order attached hereto, granting (a) the relief requested in the Motion, quash and in the alternative modify the Subpoena and (b) such other and further relief as the court deems just and proper.

Dated:                                                Respectfully submitted,

Alexis Lamb

*Pro se*

1090 Bascomb Farm Drive

Alpharetta, GA 30009

917-656-1486

alexisclamb007@gmail.com

5