UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION



FILED-USBC, FLS-WPB
'24 DEC 10 PM 2:28

| | |
|---|---|
| In re:<br>Evan P. Jowers, et al.<br>                    Debtor. | Chapter 11<br>Case No. 24-13584-MAM |

### THIRD-PARTY JOSH CARR'S MOTION FOR ENTRY OF AN ORDER QUASHING COUNSEL HOLDINGS, INC.'S SUBPOENA PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9016 AND FEDERAL RULE OF CIVIL PROCEDURE 45(d)(3)(A)/(B)

Josh Carr ("Movant") hereby files this motion ("Motion") pursuant to Federal Rule of Civil Procedure ("Civil Rule") 45(d)(3)(A) and (B), made applicable to this case by Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9016 for entry of an order (a) quashing or modifying the Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Bankruptcy Case (Or Adversary Proceeding) ("Subpoena") served by Counsel Holdings, Inc. ("Serving Party") on Movant; and (b) granting such other relief that the court deems just and proper. In support of this Motion, Movant respectfully represents as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 1334(b) and 157. This is a core proceeding under 28 U.S.C. Section 157(b)(2).

2. The statutory and legal predicate for the relief requested herein is Bankruptcy Rule 9016 and Civil Rule 45(d)(3).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409 and Civil Rule 45(d)(3).

## BACKGROUND

**General Background**

4. On April 15, 2024 ("Petition Date"), Evan Jowers ("Debtor") commenced a voluntary case under Chapter 11 of the Bankruptcy Code by filing a bankruptcy petition/their bankruptcy petitions.

5. The Debtor continues in possession of his property and manages his business as a debtor[s]-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code

6. Information regarding the Debtor's history and business operations, capital structure, secured indebtedness, and the events leading up to the commencement of this Chapter 11 case can be found in the schedules filed with the Court on the Petition Date.

7. Movant and Debtor have been long-time friends since their University of Florida college years over 30 years ago. However, Movant and Debtor are not connected financially. Movant has no accounts that contain any funds belonging to Debtor Since 2017, on a 1099 independent contractor basis, Movant has provided assistance to Debtor and some of Debtor's colleagues in their attorney placement and recruiting efforts. In 2012, Robert Kinney, who is admitted *pro hac vice* before this Court to represent Creditor Counsel Holdings, Inc., terminated the employment of Movant and withheld Movant's earned commissions from his work at Kinney Recruiting. Movant still has not received his final paycheck. Movant considered initiating court proceedings to force Robert Kinney to pay the amount owed for hours worked and commissions. After speaking with another former employee who attempted to bring Robert Kinney to court over unpaid earnings, Movant realized it was highly unlikely that court proceedings would succeed. In similar cases involving former employees, Robert Kinney filed motion after motion until the former employees dropped the lawsuit since the attorney fees to follow through made the case no longer worth pursuing. Since Movant's known unpaid earnings were only in the $5,000 range, it did not make sense to file a suit when attorney fees needed to respond to frivolous motions would likely cost more than the amount owed.

**Relevant Background**

8. On December 2, 2024, the Serving Party left a copy of the subpoena at the Movant's residence while Movant was away. Movant has yet to be served properly. seeking production of documents, electronically stored information, and things in connection with my income and attorney placements I have helped Debtor and his former and current colleagues with. The subpoena also demands that I provide a lot of confidential information about attorney placements and law firm client correspondence. I no longer have any access to my josh@jowersvargas.com email address. I no longer have access to any business information for Legis Ventures or Jowers Vargas LLC, and the access I had in past was very limited. The subpoena also asks for all communications with the Debtor regarding our work together, including emails and text messages, which would

2

be a great burden to Movant and include confidential and personal information of Movant's.

9. Under Civil Rule 45(d)(3)(A), the Subpoena must be quashed because it does not provide a reasonable amount of time for Movant to comply with the Subpoena, it requires Movant to travel to Fort Lauderdale, Florida, a location which is more than 100 miles from Movant's place of residence. Movant is not a party or officer of a party and will incur substantial expense to produce documents, electronically stored information, or tangible things.

Under Civil Rule 45(d)(3)(B), the Subpoena should be quashed because it requires Movant to disclose trade secret/confidential and personal confidential information.

Furthermore, the Subpoena is defective because it did not provide for payment of witness fees/the issuing court did not have personal jurisdiction over Movant. To wit, "the subpoena power of a court cannot be more extensive than its jurisdiction." *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988). Movant lives more than 100 miles from Fort Lauderdale, Florida. Accordingly, this Court does not have personal jurisdiction over Movant.

Additionally, Movant is a legal recruiter in competition with Counsel Holdings, Inc. and Mr. Kinney. Compliance with the Subpoena, searching through, and reviewing electronically stored information regarding Movant's confidential financial information, candidate and client information, will result in undue burden or expense to Movant, will require production of privileged, personal private or confidential information, trade secrets or other confidential information.

10. Serving Party has not demonstrated a need for this financial information in Debtor's bankruptcy proceedings. At best, this is an impermissible fishing expedition. At worst, it is a continuation of Serving Party's and Mr. Kinney's calculated campaign of harassment against Debtor, everyone, and everything affiliated with him.

11. This Motion is timely.

12. Movant's attempts to meet and confer with the party serving the subpoena have not been successful.

**RELIEF REQUESTED**

13. By this Motion, Movant seeks entry of an order quashing or modifying the Subpoena and granting such other relief as the Court deems just and proper.

**BASIS FOR RELIEF**

14. Bankruptcy Rule 9016 makes Civil Rule 45 applicable to bankruptcy cases. Civil Rule 45 states the requirements for subpoenas including the serving party's duty to avoid imposing an undue burden or expense on the person to which the subpoena is

3

directed. The court is authorized to enforce this duty by quashing or modifying the subpoena and awarding sanctions in the form of lost earnings or attorneys' fees against the serving party (Fed. R. Civ. P. 45(d)(1)).

15. The Subpoena is attached hereto as Exhibit-A and requires the Movant to comply.

16. The Subpoena must be quashed or modified because it does not provide reasonable time to comply in violation of Civil Rule 45(d)(3)(A)(i) requires Movant to comply outside the geographical limits in Civil Rule 45(c) in violation of Civil Rule 45(d)(3)(A)(ii), requires disclosure of privileged or other protected matter in violation of Civil Rule 45(d)(3)(A)(iii), subjects Movant to undue burden by forcing Movant to reveal trade secrets, confidential financial information, and electronically stored information to a competitor in the same industry in violation of Civil Rule 45(d)(3)(A)(iv), requires disclosure of a trade secret or other confidential research, development, or commercial information in violation of Civil Rule 45(d)(3)(B)(i), this Subpoena is brought for purposes of harassing Movant and the Debtor, and this Court lacks personal jurisdiction over Movant.

## NOTICE

17. Movant will provide notice of this Motion to: (a) the Debtor; (b) the Office of the United States Trustee; (e) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002; and (f) such other persons as directed by the Court. In light of the nature of the relief requested herein, the Movant submits that no other or further notice is necessary.

## NO PRIOR REQUEST

19. No prior request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Movant respectfully requests that this Court enter an order, substantially in the form of the Proposed Order attached hereto, granting (a) the relief requested in the Motion, quash and in the alternative modify the Subpoena and (b) such other and further relief as the court deems just and proper.

Dated:   December 10, 2024                      Respectfully submitted,

*[signature]*

Josh Carr

*Pro se*

149 Dublin Drive

Lake Mary, FL 32746

321.262.5752

joshua.carr.mba@gmail.com

5