**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | CASE NO.: 24-13584-MAM |
| EVAN PHILLIP JOWERS, | Chapter 11 |
| Debtor. / | |

**DEBTOR'S AMENDED[1] EMERGENCY APPLICATION FOR APPROVAL, ON AN INTERIM AND FINAL BASIS, OF EMPLOYMENT OF KRISTOPHER AUNGST AND THE LAW FIRM PARAGON LAW, LLC, AS GENERAL BANKRUPTCY COUNSEL FOR THE DEBTOR-IN-POSSESSION *NUNC PRO TUNC* TO FEBRUARY 7, 2025 AND SUBSTITUTING KRISTOPHER AUNGST AND PARAGON LAW, LLC, AS COUNSEL FOR THE DEBTOR IN ADVERSARY PROCEEDING 24-01338-MAM**

**Statement of Exigent Circumstances**

**The Debtor respectfully requests a hearing as soon as possible. PARAGON Law, LLC, will play an integral role in the Debtor's Chapter 11 case, in which he is currently unrepresented and the Debtor's adversary proceeding where counsel will be substituting in for David A. Ray, P.A., with the consent of Mr. Ray and the Debtor.**

Evan Phillip Jowers, an individual, ("Debtor"), pursuant to 11 U.S.C. §327(a), Fed. R. Bankr. P. 2014 and 2016, and Local Rules 2014-l{A) and 2016-l(A), hereby file this *Emergency Application for Approval, on an Interim and Final Basis, of Employment of Kristopher Aungst, Esq., and PARAGON Law, LLC, nunc pro tune to February 7, 2025* (the "Application") seeking approval, on an interim and final basis of the employment of Kristopher Aungst ("Aungst") and the law firm of PARAGON Law, LLC ("PARAGON")(Aungst and PARAGON, will be collectively, "PARAGON"), to represent the Debtor-In-Possession as general bankruptcy counsel in this Chapter 11 case, *nunc pro tunc,* to February 7, 2025. In support of this Application, the Debtor relies upon the *Declaration Kristopher Aungst, on behalf of PARAGON, as Proposed Counsel for the Debtor-In-Possession* attached hereto as ***Exhibit A*** (the "Aungst Declaration"). In further support of this Application, the Debtor respectfully represents as follows:

---

[1] Amended to remove interest in vehicle and to instead provide Debtor 30 days to fund retainer.

**I.      JURISDICTION**

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §1 57(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. §1408. The statutory predicate for the relief requested herein are 11 U.S.C. §327(a), Fed. R. Bankr. P. 2014 and 2016, and Local Rules 2014-l(A) and 2016-l(A).

**II.     BACKGROUND AND BUSINESS OPERATIONS**

1. On April 15, 2024, (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code (the Bankruptcy Code). Since that time, the Debtor has operated as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. As of the date hereof, no creditors committee has been appointed in this case. In addition, no trustee or examiner has yet been appointed.

3. The Debtor is operating his affairs as debtor in possession pursuant to 11 U.S.C. §§1107(a) and 1108.

4. The Debtor is an individual located at 4 17th Ave. S., Lake Worth, FL 33460.

**III.    RELIEF REQUESTED**

5. By this Application, the Debtor seeks to employ and retain Aungst and PARAGON as his general restructuring and bankruptcy counsel with regard to thefiling of its Chapter 11 petition, the prosecution of this Chapter 11 case, and as counsel in the pending adversary proceeding 24-01338-MAM. Accordingly, the Debtor respectfully requests the entry of an order pursuant to Section 327(a) of the Bankruptcy Code, followed by the entry of a final order to be entered at a hearing to be held twenty-one (21) days later, authorizing to employ and retain Aungst and the

PARAGON as its general bankruptcy counsel under a general retainer (as described below) to perform the legal services that will be necessary during their Chapter 11 cases as more fully described below.

1. **Services to be Provided**

6. The services of PARAGON are necessary to enable the Debtor to execute faithfully his duties as debtor-in-possession. Subject to order of this Court, the law firm of PARAGON will be required to render, among others, the following services to the Debtors as needed or required:

(a) advise the Debtor with respect to their powers and duties as debtor and debtor-in-possession in the continued management and operation of his business and properties;

(b) attend meetings and negotiate with representatives of creditors and other parties-in-interest and advise and consult on the conduct of the cases, including all of the legal and administrative requirements of operating in Chapter 11;

(c) advise the Debtor on matters relating to the evaluation of the assumption, rejection or assignment of unexpired leases and executory contracts;

(f) provide advice to the Debtor with respect to legal issues arising in or relating to the Debtor's ordinary course of business;

(g) take all necessary action to protect and preserve the Debtor's estates, including the prosecution of actions on their behalf, the defense of any actions commenced against the estates, negotiations concerning all litigation in which the Debtor may be involved and objections to claims filed against the estate;

(h) prepare on behalf of the Debtor all motions, applications, answers, orders, reports and papers necessary to the administration of the estates;

(i) negotiate and prepare on the Debtor's behalf a plan of reorganization disclosure statement and all related agreements and/or documents, and take any necessary action on behalf of the Debtor to obtain confirmation of such plan;

(j) attend meetings with third parties and participate in negotiations with respect to the above matters;

3

    (k)    Act as counsel for all matters and issues pertaining to the related adversary proceeding, Case No. 24-01338-MAM;

    (l)    appear before this Court, any appellate courts, and the U.S. Trustee, and protect the interests of the Debtors' estates before such courts and the U.S. Trustee:

    (m)    perform all other necessary legal services and provide all other necessary legal advice to the Debtors in connection with these Chapter 11 cases.

7. The firm of PARAGON is willing to act on behalf of the Debtors as set forth above.

### B. Terms of Retention

8. An engagement letter to engage PARAGON was signed by the Debtor on February 7, 2025. In connection with the proposed engagement, the Debtor agreed to the following provisions, all subject completely to the Court's review and approval:

   1. PARAGON will receive a $30,000.00 retainer to be held in trust and applied to fees and costs approved by the Court within 30 days of an Order granting this Motion. If the Debtor does not timely pay the retainer the Debtor understands and consents to the withdrawal of the Firm subject to approval by the Bankruptcy Court;
   2. The Debtor understands that PARAGON intends to file quarterly fee applications with the Court seeking interim approval of fees (80%) and costs (100%), and with the Court approval, such fees and costs shall be paid quarterly.
   3. The Debtor understands that PARAGON will not seek to challenge, litigate or review the fees incurred, sought or approved by the Court from his former counsel in either the bankruptcy case or adversary case.
   4. The Debtor understands that PARAGON may seek Bankruptcy Court approval to extend certain deadlines due to pre-existing conflicts.

9. PARAGON intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in these Chapter 11 cases in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the orders of this Court. PARAGON will seek compensation for the services of each attorney and paraprofessional acting on behalf of the Debtor in this case at the then-current rate charged for such services.

10. Consistent with the firm's policy with respect to its other clients, PARAGON will continue to charge the Debtor for all other services provided and for other charges and disbursements incurred in the rendition of services. These charges and disbursements include, among other things, costs for· telephone charges, photocopying, travel, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings.

11. PARAGON has agreed to accept as compensation such sums as may be allowed by the Court on the basis, among others, of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estate, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance and nature of the problems, issues or tasks addressed in this case. The payment, as approved by the Court, will be from the funds/assets of the Debtor. No arrangement is proposed between the Debtor and PARAGON for compensation to be paid in this case, and no agreement or understanding exists between PARAGON and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the case.

12. No previous request for the relief sought in this Application has been made to this Court or any other Court.

**IV. BASIS FOR RELIEF REQUESTED**

13. The undersigned respectfully submits that the Debtor is in need of the retention of counsel in this case and that PARAGON's representation is appropriate.

**V. DISINTERESTEDNESS OF PROFESSIONALS**

14. To the best of the Debtor's knowledge, the counsel of PARAGON: (a) do not have any connection with any of the Debtors, their affiliates, their creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party in interest, or their respective attorneys and accountants except for the representation of the related debtors referenced in paragraph 5 above

5

in relation to the chapter 11 filings; (b) are "disinterested persons" as that term is defined in Section 101(14) of the Bankruptcy Code; and (c) do not hold or represent any interest adverse to the Debtors' estate.

## VI. REQUEST FOR INTERIM RELIEF

15. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

16. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

17. Pursuant to the Bankruptcy Rule 6003, the court may grant relief regarding an application pursuant to Bankruptcy Rule 2014 to retain a professional within 21 days after the filing of the petition to the extent the relief is necessary to avoid immediate and irreparable harm. Bankruptcy Rule 6003, however, does not expressly forbid courts from entering interim orders approving professional retentions during the first 21 days of a chapter 11 cases. *See, e.g., First NLC Fin. Servs, LLC,* Case No. 08-10632 (Bankr. S.D. Fla. Jan. 28, 2008); *In re TOUSA, Inc., et*

*al.,*Case No. 08-10928-BKC-JKO (Bankr. S.D. Fla. Jan. 31, 2008) (approving interim retentions of

Case 24-13584-MAM    Doc 150    Filed 02/11/25    Page 7 of 8

financial advisor and legal counsel on interim basis within first 20 days of chapter 11 case).

18.     First, according to the Advisory Committee note to Bankruptcy Rule 6003, the standard employed in Bankruptcy Rule 6003 is taken from Bankruptcy Rule 4001(b)(2) and (c)(2), and decisions under those provisions should provide guidance for the application of Bankruptcy Rule6003. Bankruptcy Rules 4001(b)(2) and (c)(2) are well understood and are the model for numerous first-day motions, such as seeking use of cash collateral. That process is well established: if the court is so disposed, the partial relief is granted for the interim before the final hearing can be conducted. Later, after further opportunity for other parties in interest to consider the application and to object, the court, if so disposed will grant the balance of the relief requested.

19.     Second, Bankruptcy Rule 6003 is entitled "Interim and Final Relief Immediately Following the Commencement of the Case...." Thus, the very title of the Bankruptcy Rule contemplates that relief may be granted on an interim basis.

20.     Interim relief is clearly justified and appropriate in the context of this Application.

21.     Without general bankruptcy counsel, the Debtor, as an individual with no bankruptcy background or expertise will find it very difficult to proceed with this case. PARAGON will play an integral role in this chapter 11 case.

22.     Accordingly, the Debtor submits it has satisfied the requirements of Bankruptcy Rule 6003 to support entry of an order, authorizing the Debtor to retain and employ PARAGON on an interim basis and to compensate PARAGON for any services rendered during that interim period in accordance with the Bankruptcy Code and the interim compensation procedures that

may be established in these cases. This interim form of relief ensures the availability of PARAGON's full resources to the Debtor while preserving the ability of all parties in interest, including the U.S. Trustee, to object to this application on a final basis.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order: (i) authorizing the Debtor's retention of Aungst and the law firm of PARAGON on an interim basis upon the terms outlined in this Application nunc pro tunc to February 7, 2025; (ii) setting a final hearing on this Application at least twenty-one days from the date of the interim order; and (iii) substituting Kristopher Aungst, Esq. and PARAGON in for David Ray, Esq. and David A. Ray, P.A. in Adversary Proceeding 24-01338-MAM, with David Ray and David A. Ray, P.A. having no further obligations in the Adversary Proceeding, and (iv) granting other and further relief as is just and proper.

Dated: February 11, 2025

/s/ Evan Phillip Jowers
Evan Phillip Jowers, an individual

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Application was served this the 11th day of February, 2025, via CM/ECF.

Respectfully submitted,

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court of the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-l(A).

*Kristopher Aungst, Esq.*
*Paragon Law, LLC*
*Attorney for Debtor*
2665 S. Bayshore Dr.
Suite 220-10
Miami, FL 33133
305-812-5443
ka@paragonlaw.miami

By: */s/* Kristopher Aungst
Kristopher Aungst, Esq.
Bar No. 55348

8