

KRIS AUNGST, ESQ.
Direct Dial  305-812-5443
Email  ka@paragonlaw.miami

February 11, 2025

Evan Jowers, an individual
Sent via email to: ejowers@laterallink.com

Re: Amended Retention of Paragon Law

Dear Evan:

Very nice to speak with you this afternoon.  This letter is to set out the terms for Paragon Law, LLC, (the "Firm" or "firm") to act as counsel for Evan Jowers (the "Client") in the ongoing bankruptcy case 24-13584-MAM (the "Chapter 11 Case") and associated adversary proceeding 24-01338-MAM (the "Adv. Pro.").  This engagement will involve acting as general counsel in the Chapter 11 Case and Adv. Case.  Limitations and requirements of this representation are stated in the section below.

*Scope of Engagement*. The firm's engagement as counsel for the Client is predicated on:

1) A $30,000.00 retainer for the Bankruptcy Case and Adversary Case payable to the Firm's trust account and payable to the Firm subject to Bankruptcy Court approval;
2) The Client understands and agrees that the Firm will not pursue any course of action to challenge the Client's former counsel(s) fees, costs or fee applications;
3) The Bankruptcy Court must approve the retention of the Firm in both the Bankruptcy Case and Adv. Pro.;
4) This engagement letter must be signed and returned by the Client;
5) There is currently a pre-trial hearing on June 11, 2025.  Mr. Aungst will be out of the country at that time.  The Client agrees to a request to the Court to modify the hearing date to a date when Mr. Aungst is within the country;
6) Following a hearing on the Firm's Application to be Employed (DE 145) certain concerns were raised by the Court and the United States Trustee's Office regarding the Firm's potential interest in the Client's 2018 Mercedes AMG 2018 G65, Vin No. WDCYC7FH9JX292718 that would exist until the retainer referenced in #1 above was fully funded.  To alleviate those concerns the Firm and client agree that the Client, using funds belonging to the Client, pay the full $30,000.00 retainer within 30 days

Case 24-13556-MAM   Doc 150-1   Filed 02/11/25   Page 2 of 4

from the entry of an Order approving the Firm's Application to be Employed. If the Client does not timely pay the retainer within those 30 days the Client consents to the immediate withdrawal of the Firm from the case. Based on this amendment to the engagement letter, the Firm will have no interest/lien/right to the Client's vehicle for purposes of this engagement.

7) Finally, the Client understands and consents that the Firm will seek any additional fees or costs associated with the case through quarterly fees applications to the Bankruptcy Court. The Client will be provided with monthly bills but will only pay to the Firm those amounts that are approved by the Bankruptcy Court either directly through an approved fee application or through an approved bankruptcy plan payment. The timing of these payments to the Firm and any former firm hired by the Client will be addressed and stated in the bankruptcy plan if such payments are contained in the bankruptcy plan.

8) The Client agrees that the engagement by the Firm is nunc pro tunc from February 7, 2025.

Payment of the retainer fees and costs can be sent to:

Paragon Law, LLC
Morgan Stanley Private Bank
Account Number: XXXXXX4318
Routing Number: XXXXX2691

*Fees.* Fees will be based on the amount of time spent by lawyers, paralegals, and legal assistants and, in some instances, by law clerks and IT managers. The firm will charge Clients for all time spent regarding the engagement, including telephone and office conferences with the Client; factual investigation as needed; legal research; responding to your requests; drafting letters and other documents; and travel if needed. The firm reserves the right to change the rates quoted in this letter when adjusting rate schedules.

*Staffing.* Kris Aungst, whose standard hourly rate is $595.00 per hour and any other legal staffing at $200.00 per hour.

*Other Charges.* In addition to fees for rendering professional services, statements to the Client will include disbursements and charges for services incident to the performance of legal services, such as copies, postage, delivery charges, travel expenses, long-distance telephone

Case 24-12004 MAM   Doc 150-1   Filed 02/11/25   Page 3 of 4

calls, facsimile transmissions, filing fees, overtime for secretaries and other non-legal staff, and specialized computer applications such as legal research and computerized document management and storage.

Unless special arrangements are otherwise made, fees and disbursements or charges for third-party products or services regarding this matter are the Client's responsibility. This includes statements from other service providers, such as experts, court reporters, and printers. The firm will not incur a cost for an expert witness without first discussing the matter with the Client and receiving permission to do so.

*Billing*. It is the firm's practice to bill services on an hourly basis in increments of one-tenth (.1) of an hour.

*Termination*. The Client may terminate this engagement by providing written notice at any time. The firm may likewise terminate this engagement, subject to ethical legal obligations (e.g., the obligation to provide the Client with reasonable notice of withdrawal to permit the Client to employ other counsel, and to cooperate with the Client regarding the transfer of engagement).

*Client Documents*. During this engagement, the firm expects that the Client will provide the firm with certain documents related to this matter. If the Client provides original documents, the firm typically duplicates the original documents electronically and will return original documents to the Client. It is the firm's practice to store Client documents electronically, and therefore the firm does not typically store paper copies of client files. In some instances, original documents are retained in during the engagement. At the conclusion of this matter (or earlier if appropriate), it is the Client's obligation to advise, within thirty (30) days of the termination of this matter, as to which, if any, of the documents the Client wishes us to return.

The firm may keep electronic copies of the Client files to the extent the firm believes advisable. After giving the Client the requested materials or if not requested by the Client within the thirty (30) day period, the firm will be free to keep or destroy the file as space needs dictate. The Client will be given no further notice that the file has been or will be destroyed.

*Electronic communications*. Unless otherwise directed, the firm will communicate with the Client using electronic communications.

Case 24-12004-MAM   Doc 150-1   Filed 02/11/25   Page 4 of 4

*Tax Advice.* The Firm does not provide tax advice or analysis. If the Client has concerns regarding any tax issues, they should retain a tax attorney to assess and consult on those issues.

Immigration Advice. The Firm does not provide any advice or analysis regarding immigration issues. If the Client has concerns regarding such issues, they should retain a immigration attorney to assess and consult on those issues.

*Litigation hold.* You have a duty to preserve evidence. Accordingly, please preserve all documents, tangible things, and electronically stored information potentially relevant to the issues raised in the existing or anticipated claim. This includes emails, voicemail messages, text messages, and social media posts.

If there are any questions concerning this engagement letter, please contact the Firm before signing. If the Client has no questions and the engagement letter accurately sets forth the Client's understanding of the agreed engagement, please indicate by signing the enclosed copy of this letter in the space provided below and returning it to the firm.

We appreciate this engagement and look forward to working with you.

Very truly yours,

/s/ Kris Aungst

Kris Aungst for the Firm

Accepted and Received by the Client

By: _____

Date: _____2.11.25_____