UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

In re:

EVAN PHILLIP JOWERS,

    Debtor.
_____/

Case No. 24-13584-MAM

Chapter 11

**JOINT MOTION TO APPROVE COMPROMISE AND
SETTLEMENT OF CONTROVERSY BETWEEN
<u>DEBTOR EVAN PHILLIP JOWERS AND COUNSEL HOLDINGS, INC.</u>**

**ANY INTERESTED PARTY WHO FAILS TO FILE AND SERVE A WRITTEN RESPONSE TO THIS MOTION WITHIN TWENTY-ONE (21) DAYS AFTER THE DATE OF SERVICE STATED IN THIS MOTION SHALL, PURSUANT TO LOCAL RULE 9013-1(D), BE DEEMED TO HAVE CONSENTED TO THE ENTRY OF AN ORDER IN THE FORM ATTACHED TO THIS MOTION. ANY SCHEDULED HEARING MAY THEN BE CANCELED.**

Debtor Evan Phillip Jowers ("Debtor" or "Jowers") and Counsel Holdings, Inc. ("CH" and predecessor entity of CH shall also be collectively be referred to as "CH") by and through undersigned counsel, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Local Rule 9013-1(D), hereby move for entry of an order authorizing the compromise and settlement between the Debtor, CH and Robert E. Kinney, the principal of CH ("Kinney")(collectively, the Debtor, CH and Kinney are the "Parties"). In support of this Motion (the "Motion"), the Parties state as follows:

**BACKGROUND**

1. A judgment was entered against Jowers and in favor of CH following trial in the United Stated District Court for the Western District of Texas, Case No. 1:18-CV-444 (the "Texas Court").

2. The Texas Court entered a judgment against the Debtor and for CH (the "Judgment").

3. The total amount of the Judgment was $6,682,272.80 (*See* Claim No. 13-1)("CH Claim").

4. The Debtor appealed the Judgment to the Fifth Circuit Court of Appeals, Case No. 22-50936, lost that appeal pursuant to a 3-0 unpublished opinion and filed a motion for rehearing that was stayed when the Debtor filed for bankruptcy.

5. On April 15, 2024 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

6. On July 3, 2024, CH filed a two-count adversary proceeding, Adv. Pro. 24-01338-MAM against the Debtor pursuant to 11 U.S.C. § 523(a)(4) and (a)(6) and Jowers filed Counterclaims against CH.

7. Following nearly a year of pre-trial motion practice, the Parties agreed to attend a judicial settlement conference (the "JSC") with Judge Hyman on May 20, 2025 (D.E. 73).

8. After attending the JSC on May 20, 2025, and pursuant to further settlement discussions between the Parties as facilitated by Judge Hyman, the Parties reached a settlement agreement.

## SETTLEMENT AND COMPROMISE

9. The "Parties have agreed to globally settle the issues between them as further set forth in the Stipulation attached hereto as **Exhibit "A"** (the "Stipulation").

10. In lieu of further litigation, the Parties have agreed to accept as settlement the following terms of overall settlement, with more detailed terms contained in the Stipulation.

   a. Quarterly Payment Terms:  Jowers shall pay CH $12,000.00 on the first day of each quarter for forty (40) quarters.  The first payment shall be due on the first day of the first quarter following the entry of a final, non-appealable 9019 Order from the Court.  The remaining thirty-nine (39) quarterly payment shall be made by the first day of the month of each quarter thereafter.

    i. The quarters are January 1st, April 1st, July 1st and October 1st.

    ii. If any quarterly payment is not made timely, Jowers shall have a 10 day grace period following the missed quarterly payment to cure (i.e. to cure an untimely payment Jowers must make the payment by the 11th day of that particular quarter). If the quarterly payment is not made within that time frame CH/Kinney may declare a default against Jowers.

  b. Lump Sum Payment:

    i. Jowers shall pay CH $100,000.00 within one year after the 9019 Order from the Court becomes a final and non-appealable order. If Jowers does not timely make the lump sum payment within the year and 10-day grace period, then Jowers shall pay CH $200,000.00 exactly one year after the ending of the year one payment grace period. If the second year payment is not made timely (within the second year and 10 day grace period), then CH/Kinney may declare a default against Jowers.

  c. In the event that Jowers defaults on any of the payments, CH shall be entitled to reopen the bankruptcy case and the adversary proceeding and obtain an order declaring that $2,000,000.00 of CH's Claim is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4) and (a)(6), minus the amount of any payments made by Jowers pursuant to the Stipulation (the "Exception to Discharge Judgment")

    i. This Exception to Discharge Judgment will be based on the findings of fact contained in the Counsel Holdings, Inc. v. Jowers, 1:18-CV-444 (D.E. 344) from the Federal District Court in Texas, will be jointly prepared by counsel for CH and Jowers, and held in Trust by counsel for CH.

  d. Other open matters:

    i. Jowers will dismiss any open Texas appeals.

ii. The Texas Federal cases, 1:18-CV-444 and 1:23-DV-711 shall be administratively closed during time frame of the obligations of the Stipulation.

1. Once Jowers has fulfilled all the payment Quarterly Payments and Lump Sum Payment, CH shall file a release of the Texas judgment both in Texas and domesticated in Florida.

2. The receiver and associated bond shall be immediately released.

iii. Jowers and his co-plaintiffs in the Hong Kong defamation case, Alejandro Vargas and Yuliya Vinokurova, shall dismiss the Hong Kong defamation case with prejudice within 10 days after the 9019 Order from the Court becomes final and non-appealable. To provide complete resolution of the Hong Kong matter, Mr. Kinney and the additional Hong Kong Plaintiffs have likewise entered into a Stipulation of Settlement under the same terms as above, along with complete releases, a copy of which is attached as **Exhibit "B"**. Mr. Kinney and the all of the Hong Kong Plaintiffs agree that the Court has jurisdiction over this Stipulation of Settlement and the parties thereto.

iv. All statutes of limitation for potential fraudulent transfers or similar claims against Jowers or his affiliates shall be tolled during the time when Jowers is making the Quarterly Payments and Lump Sum Payment. If Jowers defaults on these payments, CH may pursue such claims.

e. The agreements also include mutual releases of all claims between the parties, including those involving family members, businesses and legal counsel. Such releases shall not apply to the enforcement of the agreements, claims against third parties(only in the event of a default), or any claims revived as stated in the Stipulation that are revived by default or breach.

f. Attorney Fees

i. The Parties shall bear their own attorney fees and costs incurred in any litigation or proceeding that is being resolved in connection with this Stipulation and that is incurred in connection with

    the bankruptcy case, adversary proceeding or for any action involving the alleged default or breach of this Stipulation.

  g. Jurisdiction

    i. The Bankruptcy Court for the Southern District of Florida (Palm Beach Division) shall retain exclusive jurisdiction to enforce this Stipulation.

  h. Miscellaneous

    i. The parties agree that this settlement resolves all claims as described herein. CH and Kinney affirm that they are under no obligation—legal or otherwise—to assist, influence, participate in, or comment on any governmental, administrative, or third-party investigation, proceeding, or regulatory matter of any kind in the world, have no desire to do so, and will not do so absent a requirement to comply with a lawful order, subpoena, or investigative demand issued by a competent authority. Nothing herein shall be construed to require CH or Kinney to notify any party of such compliance where such notification is prohibited by law.

    ii. CH agrees that if the Debtor files a Chapter 11 plan that incorporates the terms of the Stipulation, CH will vote in favor of the Chapter 11 plan.

    iii. Alternatively, if the Debtor files a motion to dismiss, CH will support the motion to dismiss.

    iv. CH agrees that it will not object to any fee application, by any professional, employed by the Debtor in the bankruptcy case or adversary proceeding.

## **LEGAL ANALYSIS**

11. The Parties seek approval of the Stipulation pursuant to Rule 9019 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules").

12. Rule 9019(a) of the Bankruptcy Rules provides that a court may approve a proposed settlement of a claim after notice and hearing. Acceptance or rejection of a compromise lies within the sound

        discretion of this Court. *In re Arrow Air, Inc.*, 85 B.R. 886, 890-91 (Bankr. S.D. Fla. 1988); *GMGRSST, LTD. v. Menotte (Air Safety Int'l, L.C.)*, 336 B.R. 843, 852 (S.D. Fla. 2005).

13. In ruling, the Court must determine whether a proposed settlement is fair or equitable. *Chira v. Saal (In re Chora)*, 367 B.R. 888, 896 (S.D. Fla. 2007). The Court must evaluate whether the compromise falls below the "lowest point in the range of reasonableness." *In re S & I Investments*, 421 B.R. 569, 583 (Bankr. S.D. Fla. 2009) (citing *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993)); *In re Arrow Air, Inc.*, 85 B.R. at 886.

14. The Eleventh Circuit case of *Justice Oaks II* established a four-part test as to whether a proposed compromise should be approved: (i) the probability of success in litigation, (ii) the difficulties, if any, to be encountered in the matter of collection, (iii) the complexity of the litigation involved and the expense, inconvenience and delay necessary attending it, and (iv) the paramount interest of the creditors and a proper defense to their reasonable views in the premises. 898 F.2d 1544, 1549 (11th Cir. 1990).

15. Further, in evaluating the Stipulation, this Court need not rest its decision whether to approve a settlement upon a resolution of ultimate factual and legal issues that underlie the proposed compromise, rather, the Court should make a pragmatic decision on the basis of all equitable factors. *In re Arrow Air*, *supra*, 85 B.R. 886 at p. 891; *see also Florida Trailer and Equipment Company v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960).

16. Applying the foregoing, the Parties believe that the proposed settlement satisfies the requirements of Bankruptcy Rule 9019. Due to the litigation involving the exception from discharge a particular debt, the Parties both faced the high costs of a potential loss in litigation. The potential litigation itself, after the Parties already spent considerable resources in Texas on earlier litigation that led to the judgment, meant further litigation in the Bankruptcy Court would simply increase the

expense, inconvenience and delay on resolution for the Parties.  Finally, of the around $7.2MM in filed claims, CH constitutes $6.8MM of those claims and this settlement specifically addresses issues pertaining only to the Debtor and CH; therefore, the resolution here does not affect the rights of any other creditor.

17. The Parties and their professionals have carefully assessed the factual and legal issues concerning the contested matters to be commenced and/or litigated in this case.  In reaching this Stipulation, the Parties have considered the probability of success, the anticipated time and associated expense with continued litigation and the costs of such a process.

18. The proposed settlement will greatly reduce the expenses for the Parties and both Parties believe that the proposed settlement is reasonable.  Therefore, it is the belief of the Parties that after full and careful consideration, this settlement is in both Parties' best interests.

19. Accordingly, for the reasons stated above, the Parties believe that resolution in the manner set forth in the Stipulation is reasonable, falling well above the lowest point on the range of reasonableness as required by Bankruptcy Rule 9019 and applicable law, and the Parties submit, in their sound business judgment, that this settlement is in the best interests of the estate and its creditors.

      WHEREFORE, the Parties request that this Court enter an order (i) granting this Motion, (ii) authorizing the compromise and settlement as set forth herein by entering the proposed form of order attached hereto as **Exhibit "C"**, in the event that no written objections are filed within the time prescribed by Local Rule 9013-1(D), and (iii) granting such other and further relief as the Court deems just and proper.

Dated this 16th day of October 2025.

Respectfully submitted,

    **/s/ Kristopher Aungst**
Kristopher Aungst, Esq., Attorney for Defendant
Fla. Bar # 55348
2665 S. Bayshore Dr.,
Suite 220-10
Miami, FL 33133
Telephone: 305-812-5443
Email: ka@paragonlaw.miami