## STIPULATION OF SETTLEMENT

Pursuant to a Judicial Settlement Conference held on May 20, 2025, and subsequent settlement discussions between the Parties (as defined herein), the Parties have reached a settlement as provided herein (the "Stipulation"). The Parties to the Stipulation are Debtor Evan Phillip Jowers ("Debtor" or "Jowers") and Counsel Holdings, Inc. ("CH" and predecessor entity of CH shall also collectively be referred to as "CH") and Robert E. Kinney, the principal of CH ("Kinney")(collectively, the Debtor, CH and Kinney are the "Parties"). The Stipulation between the Parties is as follows and is subject to approval by the Bankruptcy Court:

**Quarterly Payment Terms**: Jowers shall pay CH $12,000.00 on the first day of each quarter for forty (40) quarters. The first payment shall be due on the first day of the month of the first calendar quarter following the entry of a final, non-appealable 9019 Order from the Court (January 1st, April 1st, July 1st and October 1st). The remaining thirty-nine (39) quarterly payment shall be made by the first day of the month of each quarter thereafter.

If any quarterly payment is not made timely, Jowers shall have a 10-day grace period following the missed quarterly payment to cure (i.e. to cure an untimely payment Jowers must make the payment by the 11th day of that particular quarter). If the quarterly payment is not made within that time frame CH/Kinney may declare a default against Jowers.

a. **Lump Sum Payment:**

i. Jowers shall pay CH $100,000.00 within one year after the 9019 Order from the Court becomes a final and non-appealable order. If Jowers does not timely make the lump sum payment within the

year and 10-day grace period, then Jowers shall pay CH $200,000.00 exactly one year after the ending of the year one payment grace period. If the second-year payment is not made timely (within the second year and 10-day grace period), then CH/Kinney may declare a default against Jowers. The Parties agree that there are no pre-payment penalties.

b. **Default:** In the event that Jowers defaults on any of the payments, CH shall be entitled to reopen the bankruptcy case and the adversary proceeding and obtain final judgment declaring that $2,000,000.00 of CH's Claim is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4) and (a)(6), minus the amount of any payments made by Jowers pursuant to the Stipulation (the "Exception to Discharge Judgment"). If CH/Kinney default Jowers shall have whatever legal rights and remedies that are available to him.

The Exception to Discharge Judgment will be based on the findings of fact contained in the case of Counsel Holdings, Inc. v. Jowers, 1:18-CV-444 (D.E. 344) from the United States District Court for the Western District of Texas. The form of judgment agreed to by the Parties is attached hereto as **Exhibit "A"** that shall be held in trust by CH's counsel pending a default by Jowers.

c. **Other open matters:**

    i. Jowers will dismiss any open Texas appeals.

    ii. The Texas Federal cases, 1:18-CV-444 and 1:23-DV-711 shall be administratively closed during the time frame of the obligations of the Stipulation

        1. Once Jowers has fulfilled all the payment Quarterly Payments and Lump Sum Payment, CH shall file a release of the Texas judgment both in Texas and the judgment domesticated in Florida.

        2. The receiver and associated bond shall be released in connection with the administrative closing of the Texas Federal Case.

      iii.      Jowers shall dismiss the Hong Kong defamation case with prejudice within 10 days after the 9019 Order from the Court becomes final and non-appealable.

      iv.      All statutes of limitation for potential fraudulent transfers or similar claims against Jowers or his affiliates shall be tolled during the timeframe when Jowers is making the Quarterly Payments and Lump Sum Payment. If Jowers defaults on these payments, CH may pursue such claims.

      v.      The Parties agree that they will withdraw all pending motions in the Bankruptcy Court, in both the main bankruptcy case and adversary proceeding, including the counterclaims.

d. **Mutual Releases and Exclusions:** For good and valuable consideration, the Debtor, CH, and Kinney (collectively, the "Releasors" and each a "Releasor") hereby mutually remise, release, and forever discharge, their businesses, each other, and their respective past, present, and future direct and indirect parents, subsidiaries, affiliates, divisions, predecessors, successors, and assigns; their respective officers, directors, shareholders, members, partners, employees, agents, attorneys, and representatives; and, in the case of Jowers and Kinney, their family members, heirs, executors, administrators, and assigns (collectively, the "Releasees" and each a "Releasee"), from any and all claims, demands, damages, debts, liabilities, obligations, costs, expenses, actions, and causes of action of any nature whatsoever, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, fixed or contingent, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, at law or in equity, arising from or relating to any matter, cause, or thing whatsoever, from the beginning of time through the date of this mutual release. These mutual releases include, but are not limited to, any claims arising out of or in connection with any agreements, transactions, or occurrences between or among the Releasors and/or Releasees, including any claims for breach of contract, tort, statutory violations, or any other legal or equitable theory. The Releasors

understand and agree that this is a full and final release of all such claims and that they are waiving any rights they may have to assert such claims in the future, other than the exclusions as stated herein. Each Releasor expressly waives any rights or benefits they may have under any statute or common law principle that would otherwise limit the scope of this release to include only known or suspected claims. The Releasors acknowledge that they have been advised by their respective legal counsel and have had the opportunity to consult with such counsel regarding the terms and effects of this mutual release.

e. **Release Exclusions:** Such releases contained in (d) of the Stipulation shall not apply to the enforcement of this Stipulation or any claims revived by default or breach of this Stipulation by the Parties.

f. **Attorney Fees:**

The Parties shall bear their own attorney fees and costs incurred in any litigation or proceeding that is being resolved in connection with this Stipulation and that is incurred in connection with the bankruptcy case, adversary proceeding or for any action involving the alleged default or breach of this Stipulation.

g. **Jurisdiction & Governing Law:**

The Bankruptcy Court for the Southern District of Florida (Palm Beach Division) shall retain exclusive jurisdiction to enforce this Stipulation and Florida State law shall be the governing law of this matter.

h. **Miscellaneous:**

i. The Parties agree that this Stipulation resolves all claims as described herein. CH and Kinney affirm that they are under no obligation—legal or otherwise—to assist, influence, participate in, or comment on any governmental, administrative, or third-party investigation, proceeding, or

regulatory matter of any kind in the world, have no desire to do so, and will not do so absent a requirement to comply with a lawful order, subpoena, or investigative demand issued by a competent authority. Nothing herein shall be construed to require CH or Kinney to notify any party of such compliance where such notification is prohibited by law.

ii. CH agrees that if the Debtor files a Chapter 11 plan that incorporates the terms of the Stipulation, CH will vote in favor of the Chapter 11 plan

iii. Alternatively, if the Debtor files a motion to dismiss, CH will support the motion to dismiss.

iv. CH agrees that it will not object to any fee application, by any professional, employed by the Debtor in the bankruptcy case or adversary proceeding.

i. **Entire Agreement/Integration Clause:** The Stipulation constitutes the complete and final understanding between the Parties superseding all prior oral or written agreements, negotiations, and representations.

j. **Representations and Warranties:** The Parties represent and warrant that they have the authority to enter into the agreement, that they have not assigned their claims to any third party, and that they understand the terms of the Stipulation.

k. **No Admission of Liability:** The Stipulation to resolve this dispute does not constitute an admission of wrongdoing, fault, or liability by the Parties.

l. **Execution in Counterparts:** The Parties agree that they may sign separate copies of the Stipulation, which, when assembled, constitute a single binding agreement.

m. **Severability:** If any provision of the Stipulation is found to be invalid or unenforceable, the remaining provisions will remain in full force and effect.

n.  **Further Assurances:** The Parties agree to take any additional action or execute any further documents that may be necessary to give full effect to the terms and intent of the settlement agreement.

The following terms of the Stipulation are agreed to, subject to Bankruptcy Court Approval by:

_____  JUNE 30, 2025
Debtor Evan Phillip Jowers (individually)/Date

_____ / 10/7/2025
Robert E. Kinney (individually)/Date

_____ / 10/7/2025
Robert E. Kinney (solely in his role as principal of CH Holdings, Inc.)/Date