## STIPULATION OF SETTLEMENT

The Parties (as defined herein) have reached a settlement (the "Stipulation"). The Parties to the Stipulation are Alejandro Vargas ("Vargas") and Yuliya Vinokurova ("Vinokurova" and collectively with Vargas, "Co-Plaintiffs") and Counsel Holdings, Inc. ("CH" and predecessor entity of CH shall also collectively be referred to as "CH") and Robert E. Kinney, the principal of CH ("Kinney") (collectively, the Co-Plaintiffs, CH and Kinney are the "Parties"). The Stipulation between the Parties is as follows:

a. **Duties of the Co-Plaintiffs:** The Co-Plaintiffs shall dismiss the Hong Kong defamation case with prejudice within 10 days after the settlement between CH, Kinney and Debtor, Evan Phillip Jowers (Case No. 24-01338-MAM, Bankruptcy Court for the Southern District of Florida, Palm Beach Division), pursuant to a 9019 Order from the Bankruptcy Court becomes final and non-appealable and Vargas and Vinokurova by signing hereof, agree that solely for purposes of this provision, they are subject to the jurisdiction of the bankruptcy court.

b. **Mutual Releases and Exclusions:** For good and valuable consideration, the Co-Plaintiffs, CH, and Kinney (collectively, the "Releasors" and each a "Releasor" in such capacity) hereby voluntarily, knowingly, willingly, unconditionally, and irrevocably mutually remise, release, and forever discharge, their businesses (in the case of the Co-Plaintiffs, including but not limited to Vargas Partners Ltd. and its subsidiaries and affiliates), each other, and their respective past, present, and future direct and indirect parents, subsidiaries, affiliates, divisions, predecessors, successors, and assigns; their respective officers, directors, shareholders, members, partners, employees, agents, attorneys, and

representatives; and, in the case of the Co-Plaintiffs and Kinney, their respective family members, heirs, executors, administrators, and assigns (collectively, the "Releasees" and each a "Releasee"), from any and all past, present, fixed, contingent and claims, complaints, demands, damages, debts, liabilities, obligations, costs, expenses, actions, causes of action (contractual (implied or express), equitable, tortious, statutory, discrimination or otherwise), proceedings, arbitrations, accounts, rights, defenses, charges, grievances, inquiries, determinations, judgements and/or verdicts ("Claims") of any nature whatsoever, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, fixed or contingent, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, at law or in equity, vested or contingent, arising from or relating to any matter, cause, or thing whatsoever, from the beginning of time through the date of this Stipulation. The foregoing mutual releases include, but are not limited to, any Claims arising out of or in connection with any agreements, transactions, or occurrences between or among the Releasors and/or Releasees, including any Claims for breach of contract, tort, statutory violations, or any other legal or equitable theory. The Releasors understand and agree that this is a full and final release and settlement of all such past, present, fixed and contingent Claims and that they are waiving any rights they may have to assert such Claims in the future, other than the exclusions as stated herein. In connection with this waiver, release and discharge, each Releasor acknowledges that they are each aware that a Releasor may hereafter discover Claims presently unknown or unsuspected, or facts in addition to or different from those that the Releasor knows or believes to be true, with respect to the matters released herein. Subject to paragraph c below, each Releasor expressly waives any rights or benefits they may have under any statute or common law principle that would otherwise limit the scope

of this release to include only known or suspected Claims. The Releasors acknowledge that they have been advised by their respective legal counsel and have had the opportunity to consult with such counsel regarding the terms and effects of this mutual release.

c. **Release Exclusions:** Such releases contained in (b) of the Stipulation shall not apply to the enforcement of this Stipulation or any Claims revived by default or breach of this Stipulation by the Parties.

Except for proceedings to enforce the terms of this Stipulation, this Stipulation operates as an absolute bar to all Claims brought by or in the name of a Releasor against a Releasee, except for Claims that arise from or relate to any breach of this Stipulation by any of the Releasees.

d. **Attorney Fees:** The Parties shall bear their own attorney fees and costs incurred in any litigation or proceeding that is being resolved in connection with this Stipulation and that is incurred in connection with any adversary proceeding or for any action involving the alleged default or breach of this Stipulation.

e. **Jurisdiction & Governing Law:** The Bankruptcy Court for the Southern District of Florida (Palm Beach Division) shall retain exclusive jurisdiction to enforce this Stipulation and Florida State law shall be the governing law of this matter.

f. **Miscellaneous:** The Parties agree that this settlement resolves all claims as described herein. CH and Kinney affirm that they are under no obligation—legal or otherwise—to assist, influence, participate in, or comment on any governmental, administrative, or third-party investigation, proceeding, or regulatory matter of any kind in the world, have no desire to do so, and will not do so absent a requirement to comply with a lawful order, subpoena, or investigative demand issued by a competent authority. Nothing herein shall

be construed to require CH or Kinney to notify any party of such compliance where such notification is prohibited by law.

g. **Entire Agreement/Integration Clause:** The Stipulation constitutes the complete and final understanding between the Parties, superseding all prior oral or written agreements, negotiations, and representations.

h. **Representations and Warranties:** The Parties warrant that they have the authority to enter into the agreement, that they have not assigned their Claims to any third party, and that they understand the terms of the Stipulation.

i. **No Admission of Liability:** The Stipulation to resolve this dispute does not constitute an admission of wrongdoing, fault, or liability by the Parties.

j. **Execution in Counterparts:** The Parties agree that they may sign separate copies of the Stipulation, which, when assembled, constitute a single binding agreement.

k. **Severability:** If any provision of the Stipulation is found to be invalid or unenforceable, the remaining provisions will remain in full force and effect.

l. **Further Assurances:** The Parties agree to take any additional actions or execute any further documents that may be necessary to give full effect to the terms and intent of the Stipulation.

The following terms of the Stipulation are agreed to by:

_(signature)_ / 10/7/2025
Robert E. Kinney (individually)/Date

_(signature)_ / 10/7/2025
Robert E. Kinney (solely in his role as principal of CH Holdings, Inc.)/Date

*Alejandro Vargas*
_____
Alejandro Vargas (individually)/Date  October 5, 2025

*YULIYA IVANOVNA VINOKUROVA*
_____
Yuliya Vinokurova (individually)/Date  10/06/2025

STATE OF ___Nevada___  :
                                    : ss
COUNTY OF ___Clark___  :

Sworn to (or affirmed) and subscribed before me by means of ☐ physical presence or ☐ online notarization on this __6th__ day of ___October___ 2025, by Yuliya Vinokurova, who is personally known to me or who has produced ___USA PASSPORT___ as identification.

*Latomya R. Glass*
_____
Notary Public
Print Name: ___LATOMYA R GLASS___

My Commission Expires: 12/06/2025

LATOMYA R GLASS
NOTARY PUBLIC
STATE OF NEVADA
Appt. No. 21-3468-01
Expires December 6, 2025

Notarized remotely using audio-video communication technology via Proof.

Page **5** of 6

STATE OF ___Texas_____  :
                                          : ss
COUNTY OF ___Travis_____  :

       Sworn to (or affirmed) and subscribed before me by means of ☐ physical presence or ☑ online notarization on this __5th__ day of __October__ 2025, by Alejandro Vargas, who is personally known to me or who has produced __Driver's License__ as identification.

_____
Notary Public
Print Name: __Amaka Ann Ike_____

My Commission Expires: 06/02/2029

Amaka Ann Ike
ID NUMBER
135518047
COMMISSION EXPIRES
June 2, 2029

Electronically signed and notarized online using the Proof platform.