UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

In re EVAN PHILLIP JOWERS,                               Chapter 11

           Debtor.                                              Case No. 24-13584-MAM

_____/

**MOTION TO DISMISS**

The Debtor, Evan Phillip Jowers (the "Debtor"), through undersigned counsel and pursuant to 11 U.S.C. § 1112(b) files this Motion to Dismiss (the "Motion").

1. On July 3, 2024, the Debtor filed for protection under Chapter 11 of the Bankruptcy Code. (D.E. 1).

2. The Debtor's filing for bankruptcy protection was due primarily to a judgment in excess of $6.8MM obtained against him by Counsel Holdings, Inc. ("CHI") in the Federal Court for the Western District of Texas.

3. The total dollar amount of filed claims against the Debtor is $7,232,784.04, meaning 94% of the total claim pool consists solely of CHI's claim. Additionally, another $194,679.00 or 2.7% of the claims filed in this case consist of secured claims or priority claims, a majority of which is held by the IRS or the U.S. Small Business Administration, which are or would be secured against the Debtor's property.

4. The Debtor and CHI reached a settlement with the assistance of Judge Hyman through a Judicial Settlement Conference and have filed a 9019 Motion seeking the Court's approval of the settlement (D.E. ___)(the "9019 Motion").

5. Deducting the settled claim with CHI, the secured claims and administrative claims, this would leave the Debtor with around 3% of creditors that do not fall into the above categories. This does not count the large amount of administrative claims (or likely administrative

1

claims that this Court has not yet reviewed or approved) against the Debtor from the four law firms that worked for the Debtor on this case.

6. The Debtor now seeks dismissal of his Chapter 11 case pursuant to U.S.C. § 1112(b), subject to the Court's approval of the 9019 Motion for cause, specifically, the additional time and admininistrative costs of the bankruptcy case far outweigh the unlikely benefit to creditors whose debts will not be discharged and whom the Debtor can, through his future earnings craft payment plans to creditors that have valid claims, who would not receive payment on their claims due to the Debtor's lack of assets.

7. Exiting the bankruptcy case, with a settlement between the Debtor and CHI will allow the Debtor to focus on his business, which will hopefully lead to better financial returns, eliminate additional attorney fees and costs, end statutory fees to remain in bankruptcy and leave all creditors with their claims intact and with whatever legal rights they may have available to them.

8. Additionally, all counsel for the Debtor, subject to the amount of fees and costs approved by the Court, agree that these approved fees and costs can be paid by the Debtor post-dismissal and as such fees and costs are paid by the Debtor, they shall be disbursed pro-rata to the Debtor's counsel that have not been fully paid for their services in this case. All counsel agree that even though the Debtor cannot pay these administrative fees and costs now, each advocates that the Court should allow the Debtor to exit bankruptcy through a dismissal.

9. Further, the Debtor understands that a dismissal is subject to his full payment of any amount that is due, or would be due, to the United States Trustee, whom the Debtor has also advised of the requested dismissal.

10. While this Chapter 11 case has been pending, only two parties in interest, namely CHI and the UST have appeared or taken any action in this case.  With the settlement between CHI and the Debtor, there will be no pending adversary proceedings, no open motions (other than final fee applications by the Debtor's professionals, a settlement motion that resolves all issues between the Debtor and CHI, and any final monthly operating reports so final fee payments to the United States Trustee's office can be calculated and paid) and no other actions in this case are or have occurred.

Wherefore, the Defendant requests that the Court:  1) grant this motion; and 2) dismiss this case for cause pursuant to 11 U.S.C. 1112(b); and 3) grant any further such relief as the Court deems necessary and appropriate.

Dated:    October 16, 2025

Respectfully submitted,

    /s/ **Kristopher Aungst**
Kristopher Aungst, Esq., Attorney for the Debtor
Fla. Bar # 55348
2665 S. Bayshore Dr.,
Suite 220-10
Miami, FL 33133
Telephone: 305-812-5443
Email: ka@paragonlaw.miami