**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:

EVAN PHILLIP JOWERS                                      CASE NO. 24-13584-MAM
                                                         CHAPTER 11

       Debtor.
_____/

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
**(MATURED LEASE)**

**ANY INTERESTED PARTY WHO FAILS TO FILE AND SERVE A WRITTEN RESPONSE TO THIS MOTION WITHIN FOURTEEN (14) DAYS AFTER THE DATE OF SERVICE STATED IN THIS MOTION SHALL, PURSUANT TO LOCAL RULE 4001-1(C), BE DEEMED TO HAVE CONSENTED TO THE ENTRY OF AN ORDER GRANTING THE RELIEF REQUESTED IN THE MOTION**

    VW Credit, Inc. as servicer for VW Credit Leasing, Ltd ("Movant") seeks, pursuant to 11 U.S.C. §362(d), relief from the automatic stay and states:

    1.    On September 22, 2022, Debtor entered into a Motor Vehicle Lease Agreement with Movant for the following vehicle: 2023 Audi Q5 Sportback, VIN: WA16AAFY5P2020845 ("Vehicle").

    2.    Movant is the leaseholder on the Vehicle. True and correct copies of the Contract and Title are attached hereto as Composite Exhibit "A."

    3.    The Lease matured on September 22, 2025 and as of October 16, 2025, the total indebtedness under the terms of the Lease was $49,475.07. A copy of the Affidavit in Support of Motion for Relief is attached hereto as Composite Exhibit "A."

    4.    According to J.D. Power Official Used Car Guide, the value of the Vehicle is $37,775.00. A copy of the J.D. Power record is attached hereto as Composite Exhibit "A."

5. Per the terms of the Lease, Movant is entitled to return of the Vehicle after the maturity date. Accordingly, Movant seeks relief from the automatic stay for cause due to the maturity of the underlying lease on the Vehicle.

6. 11 U.S.C. §362(d)(1) provides that stay relief should be granted "for cause, including the lack of adequate protection of an interest in property of such party in interest." The language of §362(d)(1) has been interpreted to include a wide variety of circumstances that constitute "cause" for stay relief. *In re Bryan Road, LLC*, 382 B.R. 844, 854-855 (Bankr. S.D. Fla. 2008) (citing *In re Dixie Broad, Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989)).

7. The analysis of determining whether "cause" exists to grant stay relief is left to the discretion of the Court on a case-by-case basis. *Briayn Road, LLC*, 382 B.R. at 854.

8. The totality of the circumstances in each particular case must be considered when making this determination. *Id. (citing In re Aloisi,* 261 B.R. 504, 508 (Bankr. M.D. Fla. 2001); *In re Wilson*, 116 F.3d 87, 90 (3rd Cir. 1997); *see also In re Emerald Cove Villas, LLC,* 2007 Bankr. LEXIS 864, 8 (Bankr. M.D. Fla. Mar. 2, 2007)).

9. The circumstances here warrant relief from the automatic stay for cause under 11 U.S.C. §362(d)(1) due to the maturity of the Lease and the contractual requirement to return the Vehicle to Movant.

10. If Movant is not permitted to enforce its rights under the Lease, it will suffer irreparable injury, loss, and damage.

**WHEREFORE**, Movant, respectfully requests the Court enter an order:

    a. terminating the automatic stay;

    b. permitting Movant to take any and all steps necessary to exercise any and all rights it may have in the Vehicle; and

      c.      granting such other relief that the Court may deem just and proper.

*/s/ Gavin N. Stewart*
Gavin N. Stewart, Esquire
Florida Bar Number 52899
P.O. Box 5703
Clearwater, FL 33758
P: (727) 565-2653
F: (727) 213-9022
E: bk@stewartlegalgroup.com
Counsel for Movant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF notice and first class mail this 20th day of October 2025.

*/s/ Gavin N. Stewart*
Gavin N. Stewart, Esquire

**VIA FIRST CLASS MAIL**
Evan Phillip Jowers
4 17th Ave S
Lake Worth, FL 33460

**VIA CM/ECF NOTICE**
Kristopher Aungst, Esq.
2665 S. Bayshore Dr.
Suite 220-10
Miami, FL 33133

U.S. Trustee
Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130